446 So.2d 831 (1984)
Bennie REED, Plaintiff-Appellant,
v.
MISSOURI PACIFIC RAILROAD, et al., Defendant-Appellee.
No. 15948-CA.
Court of Appeal of Louisiana, Second Circuit.
February 21, 1984.
*832 Bruscato, Loomis, Deal & Street by Phillip T. Deal, Monroe, for plaintiff-appellant.
Hudson, Potts & Bernstein by B. Roy Liuzza, Monroe, for defendant-appellee.
Before PRICE, JASPER E. JONES and NORRIS, JJ.
NORRIS, Judge.
In this wrongful death/survival action, Benny Ray Reed, Della Mae Reed, Arlene Reed and LeRoy Reed appeal a judgment sustaining an exception of no right of action. Finding that the ruling of the trial court was erroneous, we reverse and remand for further proceedings consistent with this opinion.
On October 26, 1981, Bennie Reed filed suit against Missouri Pacific Railroad Company and its employees for damages sustained when his vehicle collided with a tank car stationed on the Missouri Pacific tracks at their intersection with Grammont Street in Monroe. On September 2, 1982, a motion to substitute parties plaintiff was filed on behalf of Curtis Thompson, Benny Ray Reed, Della Mae Reed, Arlene Reed and LeRoy Reed alleging that on August 3, 1982, Bennie Reed died from causes relating to the injuries sustained in the accident and that the substitute plaintiffs were the acknowledged illegitimate children of the deceased, who as his survivors, were entitled under La.C.C. Art. 2315 to be substituted as parties plaintiff in lieu of their deceased father. Simultaneously with the filing of the order of substitution, a second amending and supplemental petition was filed by the substituted plaintiffs incorporating a wrongful death action with the survival action. Contained within this pleading is the allegation that the plaintiffs are the illegitimate children of Bennie Reed thereby entitling them to maintain their survival and wrongful death action.
Defendants filed an exception of no right of action based on two grounds: (1) that the plaintiffs were not the illegitimate children of Bennie Reed and (2) in the alternative, that the actions of the parties in seeking to establish filiation were not timely brought under the provisions of La.C.C. Art. 209.
At the hearing on the exception, the parties stipulated that the factual issues of the plaintiffs' relationship to and/or acknowledgment by Reed, as raised by the exception, would be referred to the merits to be determined at the time of trial and submitted to the trial court for decision the issue of peremption or prescription of the filiation action under La.C.C. Art. 209.
In written reasons, the trial court maintained the exception upon its finding, ex proprio motu, that La.C.C. Arts. 208 and *833 209 require that filiation be established in a separate proceeding vis-a-vis other possible heirs or family members before illegitimates who are not formally acknowledged[1] may assert a tort claim after which it pretermitted any finding regarding defendants' contention that the action was not timely.
On appeal, plaintiffs contend that the trial court erred in (1) holding La.C.C. Art. 209 to be applicable to the facts of this case; (2) holding that plaintiffs had not complied with its provisions; and (3) failing to declare it to be unconstitutional insofar as it relates to this case. Because of the particular posture in which this case is presented to us for review, it is only necessary that we address plaintiffs' second contention. Therefore, we expressly pretermit any discussion of or holding regarding their remaining arguments.
It is significant that the parties referred the factual question of the acknowledgment by or biological relationship of the plaintiffs to Reed to the merits. For this reason, the only issues actually before us for review are (1) whether or not these plaintiffs may cumulate their filiation action with their wrongful death/survival action? and (2) if so, whether or not the action filed by plaintiffs was timely? We answer both affirmatively.
The wrongful death/survival action is provided for by La.C.C. Art. 2315:[2]
Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
Damages may include loss of consortium, service, and society, and shall be recoverable by the same respective categories of persons who would have had a cause of action for wrongful death of an injured person.
The right to recover damages to property caused by an offense or quasi offense is a property right which, on the death of the obligee, is inherited by his legal, instituted, or irregular heirs, subject to the community rights of the surviving spouse.
The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of the deceased, or either such spouse or such child or children; (2) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; and (3) the surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving. The survivors in whose favor this right of action survives may also recover the damages which they sustained through the wrongful death of the deceased. A right to recover the damages under the provisions of this paragraph is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by his legal, instituted, or irregular heirs, whether suit has been instituted thereon by the survivor or not.
As used in this article, the words "child", "brother", "sister", "father", and "mother" include a child, brother, sister, father, and mother, by adoption, respectively.
After the decision of the United States Supreme Court in Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1968), wrongful death and survival actions have been available to illegitimates. Under the rationale of Levy, it is the biological relationship and dependency which is determinative of the child's rights in these cases and not the classification (legitimate or illegitimate) into which the child is placed by the statutory law of the state. Warren v. *834 Richard, 296 So.2d 813 (La.1974). However, it has been held that Article 2315 cannot be isolated from other sections of the Civil Code in interpreting its meaning. Simmons v. Brooks, 342 So.2d 236 (La. App. 4th Cir.1977); Clark v. Tenneco, Inc., 353 So.2d 418 (La.App. 4th Cir.1977).
In recent years, the legislature has sought to delineate and limit the circumstances under which an illegitimate may assert and prove filiation. In furtherance of this aim, the following articles of the Civil Code were amended to provide at the time that this action was brought:
Art. 3556(8)
Whenever the terms of law, employed in this Code, have not been particularly defined therein, they shall be understood as follows:
(8) ChildrenUnder this name are included those persons born of the marriage, those adopted, and those whose filiation to the parent has been established in the manner provided by law, as well as descendants of them in the direct line. [Emphasis added.]
Art. 208
In order to establish filiation, a child who does not enjoy legitimate filiation or who has not been filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must institute a proceeding under Article 209. [Emphasis added.]
Art. 209
A. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation by a preponderance of the evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this Article.
B. The proceeding required by this Article must be brought within one year of the death of the alleged parent or within nineteen years of the child's birth, whichever first occurs. This time limitation shall run against all persons, including minors and interdicts. If the proceeding is not timely instituted, the child may not thereafter establish his filiation.
C. The right to bring this proceeding is heritable.
The purposes of the act (Act No. 720 of 1981) amending and reenacting Articles 208 and 209 expressly stated therein are to provide for proof of filiation by children, or on their behalf; to provide a procedure and time limitations for proceedings to establish filiation; to provide for the method and standard of proof in such actions; and to provide that the failure to institute timely such a proceeding shall bar the claims of the persons covered by the act. According to the comments to Article 209 "`[i]nformally acknowledged' children, as defined in the jurisprudence, do have to comply with this article." Further contained in the amendment to Article 209 is a "grace period" which provides:
Section 2. Any person against whom the time period provided in this Act would otherwise have accrued except for the provisions of this Section shall have one year from its effective date to bring a proceeding to establish filiation of a child. If no such proceeding is timely instituted, such filiation may not thereafter be established.
Assuming for the purposes of this lawsuit that these articles are applicable to these illegitimates who seek to assert wrongful death/survival claims, we can find nothing contained therein that would prohibit the statutory beneficiaries in this case from combining their action to establish filiation under Article 209 with their wrongful death/survival action. All Article 209 requires is that a civil proceeding be filed asserting filiation. Furthermore, we have been unable to find any other procedural bar or other legal basis on which to deny them this right to cumulate because there is no requirement that a proceeding asserting filiation be a separate proceeding. In fact, there is jurisprudential authority expressly allowing such cumulation. See Smith v. Stephens, 412 So.2d 570 (La. 1982); Succession of Clivens, 426 So.2d 585 (La.1982); Succession of Hawkins, 429 *835 So.2d 194 (La.App. 1st Cir.1983). See also 43 La.L.Rev. at 541.
Therefore, the trial court's ruling that such an action must be brought in a separate proceeding was clearly wrong and is reversed.
The trial court pretermitted a determination of the timeliness of the filing of this action. The 1981 amendment to Article 209 was specifically considered and interpreted in Succession of Clivens, supra, to mean that by virtue of this particular amendment, the legislature granted a second grace period for proving filiation because of the inadequacies of the grace period of the prior act (Act 549 of 1980) which gave unacknowledged illegitimates until September 11, 1982, to file a filiation action. See also Succession of Hawkins, supra; Bedford v. Sanders, 437 So.2d 914 (La.App. 2d Cir.1983). Consequently, plaintiffs' action filed September 2, 1982, is timely because it was filed prior to September 11, 1982.
As noted earlier herein, the parties stipulated that the factual question of whether the plaintiffs were the biological children of Reed would be referred to the merits. Because under Smith v. Stephens, supra, the issue of paternity may be raised by an exception of no right of action, its final disposition must await trial.
For the foregoing reasons, the judgment of the trial court sustaining the exception of no right of action is reversed and the case is remanded to the district court for proceedings consistent with this opinion.
JUDGMENT REVERSED; CASE REMANDED.
NOTES
[1] Curtis Thompson was found by the court to be the formally acknowledged child of Reed thereby removing him from the requirement that he bring a filiation action in order to assert his claim, and the exception was not maintained as to him.
[2] This article was amended subsequent to the death of Reed; however, this amendment does not effect the result herein.