463 So.2d 896 (1985)
Nora Velma Chapman LEE, et al., Plaintiff-Appellant,
v.
The SUCCESSION OF Arthur CHAPMAN and Dover Chapman, Defendants-Appellees.
No. 16749-CA.
Court of Appeal of Louisiana, Second Circuit.
January 23, 1985.
*897 Frank E. Brown, Jr., Shreveport, for plaintiff-appellant, Nora Velma Chapman Lee, et al.
Cary & Cary by Curtis W. Cary, Shreveport, for defendant-appellee, Evelyn Chapman White.
Whitehead & McCoy by C.R. Whitehead, Jr., Natchitoches, for defendant-appellee, Ganeswell McClinton.
Before JASPER E. JONES, SEXTON and NORRIS, JJ.
NORRIS, Judge.
Plaintiffs Nora C. Lee and Hazel C. Washington, alleging they were the acknowledged natural children of decedent Arthur Chapman, brought this suit demanding recognition as his acknowledged illegitimate children and forced heirs. They also named as defendant the succession of Dover Chapman, Arthur's wife, who survived Arthur but is now deceased. The trial court sustained defendants' peremptory exceptions of prescription and dismissed the suit. Plaintiffs appeal. For the reasons expressed, we affirm.
The facts are simple. Nora was born in 1933, Hazel in 1936, of an alleged relationship between Arthur Chapman and Elvira Hays, during the time that Arthur was married to his first wife. The daughter of that marriage, Evelyn C. White, is Arthur's only legitimate descendent. Arthur and his first wife were divorced in 1938 and Arthur later married Dover Chapman. Arthur died on July 11, 1983. Dover survived him by five days. Plaintiffs filed the instant suit on March 1, 1984, claiming that Arthur's and Dover's heirs were in possession of the entire estate.
Although plaintiffs did not call their suit a proceeding to establish filiation, they must either make such a showing, or prove acknowledgment, in order to succeed as heirs.[1] Children who do not enjoy legitimate filiation, or who have not been filiated by the initiative of the parent by legitimation or by acknowledgment under article 203 must institute a proceeding and prove filiation in accordance with article 209 of the Louisiana Civil Code. Article 209 provides:
A. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged living parent by a preponderance of the evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this article.
B. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged deceased parent by clear and convincing evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this article.
C. The proceeding required by this article must be brought within one year of the death of the alleged parent or within nineteen years of the child's birth, whichever first occurs. This time limitation shall run against all persons, including minors and interdicts. If the proceeding is not timely instituted, the child may not thereafter establish his filiation.
D. The right to bring this proceeding is heritable.[2]
The prescriptive period of subsection C is crucial to appellants' case. A suit for filiation, even if brought within one *898 year of the parent's death, will not be timely if the claimant has already celebrated his nineteenth birthday. This is clearly the case here. Appellants' argument in brief that article 209 is disjunctive and that compliance with one alternative satisfies the article, completely misreads the article and is untenable. See In the matter of Thomas, 450 So.2d 1048 (La.App. 1st Cir. 1984), writ denied 457 So.2d 1192 (La.1984).
Article 209 was reenacted with a one year "grace period" during which persons who would be adversely affected by the prescriptive period could bring suit. LSAActs 1980, No. 549, § 4. This grace period was extended for another year by LSAActs 1981, No. 720, § 2. See also Harlaux v. Harlaux, 426 So.2d 602 (La.1983). This court has upheld a filiation suit which was prescribed under the terms of article 209 yet timely under a grace period. Reed v. Missouri Pacific R., 446 So.2d 831 (La. App. 2d Cir.1984). In the instant case, however, suit was filed after the last grace period expired on September 11, 1982. Thus the suit was not timely and the exception was properly maintained.
Finally, appellants contend that to apply article 209 as written would deny them due process and impair the obligation of contracts. This argument is completely unbriefed, but we understand it to mean that article 209 arbitrarily prescribes a right which did not exist in Louisiana until the decision in Succ. of Brown, 388 So.2d 1151 (La.1980). Due process mandates a standard of reasonableness similar to the equal protection standard of "substantial relation" applied in illegitimacy cases by the United States Supreme Court. See Lalli v. Lalli, 439 U.S. 259, 99 S.Ct. 518, 58 L.Ed.2d 503 (1978). The Supreme Court's analysis of prescriptive periods for filiation suits was summarized in Mills v. Habluetzel, 456 U.S. 91, 102 S.Ct. 1549, 71 L.Ed.2d 770 (1982), as follows:
The equal protection analysis in this case, therefore, focuses on two related requirements. First, the period for obtaining support granted by Texas to illegitimate children must be sufficiently long in duration to present a reasonable opportunity for those with an interest in such children to assert claims on their behalf. Second, any time limitation placed on that opportunity must be substantially related to the State's interest in avoiding the litigation of stale or fraudulent claims. [456 U.S. at 99, 100, 102 S.Ct. at 1554, 1555]
In Mills, the court invalidated a Texas statute that placed a one year limit on filiation suits. In the later case of Pickett v. Brown, 462 U.S. 1, 103 S.Ct. 2199, 76 L.Ed.2d 372 (1983), the court invalidated a Tennessee statute that placed a two year limit on such suits. We feel that Louisiana's nineteen-or-one scheme is sufficiently long to satisfy the needs of due process or equal protection.
We note the record lodged by appellants contains no competent evidence of acknowledgment under LSA-C.C. art. 203, although they styled themselves the "acknowledged children" of decedent in their petition.[3] The only documents in the record are Nora Chatman Hays's birth certificate, naming Arthur "Chatman" as father, and assorted school records pertaining to both appellants. This does not meet the requirements of article 203. See In re Wildeboer, 406 So.2d 687 (La.App. 2d Cir. 1981); LSA-C.C. art. 209, comments (a) and (b). Although an article 203 acknowledgment and a successful action to prove filiation under article 209 would produce the same results for appellants, the article 203 acknowledgment is not squarely before us. We therefore express no opinion on whether appellants' right to prove an acknowledgment under article 203 has prescribed. We limit our holding to the prescription of *899 appellants' action to establish filiation under article 209.
Although ordinarily the defendant who alleges prescription has the burden to prove it, Langlinais v. Guillotte, 407 So.2d 1215 (La.1981), if plaintiff's petition plainly shows that prescription has run and plaintiff claims it has not run, then the burden shifts to plaintiff to prove interruption, suspension or nonapplicability. See Bennett v. General Motors Corp., 420 So.2d 531 (La.App. 2d Cir.1982). Here it is obvious that prescription has run on appellants' filiation claim under article 209. There is nothing in the record to prove interruption, suspension or nonapplicability.
For these reasons, we conclude the trial court correctly sustained the exception of prescription to the article 209 filiation suit. The judgment of dismissal is affirmed.
AFFIRMED.
NOTES
[1] As we will discuss later in this opinion, the petition does not assert, nor does the record prove, any act of formal acknowledgment by the alleged father, so filiation is the only other alternative.
[2] Subsection C was amended again in 1984 to provide for cumulation of filiation and wrongful death actions. LSA-Acts 1984, No. 810. The amendment obviously has no effect on this case.
[3] LSA-C.C. Art. 203 provides:

The acknowledgment of an illegitimate child shall be made by a declaration executed before a notary public, in the presence of two witnesses, by the father and mother or either of them, or it may be made in the registering of the birth or baptism of such child.