GUIDRY, Judge.
Plaintiff, Angeline Savoy, filed a “Petition for Reduction of Excessive Donations” alleging she was the natural child of Henry Savoy, the deceased, and that he left his entire estate to his other child, Gertrude Savoy. Plaintiff sought to be declared and recognized as a forced heir of the deceased; to have the donation mortis causa reduced in accordance with La.C.C. art. 1493, et seq; and, to be sent into possession of an undivided one-fourth interest of his estate. Gertrude Savoy, who had previously been sent into possession of the decedent’s entire estate, was named defendant. The trial court sustained defendant’s peremptory exception of prescription based on La.C.C. art. 209 and dismissed the suit. The plaintiff appealed.
The facts of this case are without dispute. Angeline Savoy was bom on April 13, 1933, of an alleged relationship between Henry Elvin Savoie[1] and Lannie Lee January. The birth certificate lists Henry Sa-voie as the father, however, the certificate is not signed by him. Henry Savoy died intestate on January 17, 1986. Angeline Savoy was 52 years old at the time of her alleged father’s death. On January 23, 1986, Gertrude Ann Savoy filed a petition for probate of the decedent’s statutory will. The testator in his will appointed Gertrude Savoy testatrix and left all of his property to her. A petition for possession was filed by Gertrude Savoy on March 13, 1986, and a judgment of possession was entered on the same date. On May 12, 1986, Angeline Savoy filed her petition for reduction of excessive donations alleging that she is the natural child of Henry Savoy. An exception of prescription was filed by Gertrude Savoy. Angeline Savoy subsequently filed an amending petition as the natural child of Henry Savoy, seeking to have the previously rendered judgment of possession declared a nullity.
The hearing on the exception was held on January 13, 1987 and judgment was rendered granting the exception of prescription and dismissing plaintiff’s suit.
The issues presented on appeal are (1) whether the trial court erred in applying the prescriptive period of La.C.C. art. 209; and, (2) if not, whether La.C.C. art. 209 is constitutional.
Although the plaintiff did not entitle her suit as a proceeding to establish filiation, she must either make such a showing, or prove acknowledgment, in order to succeed as an heir. See Lee v. Succession of Chapman, 463 So.2d 896 (La.App. 2d Cir.1985).[2] Only if she were found to be a forced heir, would she be entitled to reduce the donation mortis causa made to Gertrude Savoy or have the judgment of possession declared a nullity for depriving her of her legitime due to fraud or concealment of her existence. See generally La.C.C. arts. 1502 et seq. and West v. Gajdzik, 425 So.2d 263 (La.App. 3rd Cir.1982), writ denied, 428 So.2d 475 (La.1983).
La.C.C. art. 209 provides as follows:
“A. A child not entitled to legitimate filiation nor filiated by the initiative of *300 the parent by legitimation or by acknowledgment under Article 203 must prove filation as to an alleged living parent by a preponderance of the evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this Article.
B. A child not entitled to legitimate fili-ation or filiated by an initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged deceased parent by clear and convincing evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this Article.
C. The proceeding required by this article must be brought within one year of the death of the alleged parent or within nineteen years of the child’s birth, whichever first occurs. This time limitation shall run against all persons, including minors and interdicts. If the proceeding is not timely instituted, the child may not thereafter establish his filiation, except for the sole purpose of establishing the right to recover damages under Article 2315. A proceeding for that purpose may be brought within one year of the death of the alleged parent and may be cumulated with the action to recover damages.
D. The right to bring this proceeding is heritable.”
In interpreting Subsection C of this article, the court in Lee v. Succession of Chapman, supra, stated as follows:
“The prescriptive period of subsection C is crucial to appellants’ case. A suit for filiation, even if brought within one year of the parent’s death, will not be timely if the claimant has already celebrated his nineteenth birthday. This is clearly the case here. Appellants’ argument in brief that article 209 is disjunctive and that compliance with one alternative satisfies the article, completely misreads the article and is untenable. See In the matter of Thomas, 450 So.2d 1048 (La.App. 1st Cir.1984), writ denied, 457 So.2d 1192 (La.1984).
Article 209 was reenacted with a one year ‘grace period’ during which persons who would be adversely affected by the prescriptive period could bring suit. LSA-Acts 1980, No. 549, § 4. This grace period was extended for another year by LSA-Acts 1981, No. 720 § 2. See also Harlaux v. Harlaux, 426 So.2d 602 (La.1983). This court has upheld a filiation suit which was prescribed under the terms of article 209 yet timely under a grace period. Reed v. Missouri Pacific R., 446 So.2d 831 (La.App. 2d Cir.1984). In the instant case, however, suit was filed after the last grace period expired on September 11, 1982. Thus the suit was not timely and the exception was properly maintained.”
In Lee v. Succession of Chapman, the plaintiffs brought their suit to be declared forced heirs within a year of the death of the deceased; however, they were approximately 50 years of age when they filed their suit after the grace period provided by La.Acts 1981, No. 720 § 2.
The facts of the present case are almost identical to those in Lee v. Succession of Chapman, supra. Plaintiff brought her suit within a year of the deceased’s death; however, she was over 50 years old at the time she filed the suit. The suit was also filed after the last grace period expired. For these reasons, we find the suit was not timely and the exception was properly maintained.
As to appellant’s argument that La. C.C. art. 209 is unconstitutional, appellant failed to satisfy the established requirement that a constitutional challenge must be affirmatively pleaded at the trial level before the issue can be raised on appeal. See Lognion v. Calcasieu Parish Police Jury, 503 So.2d 1092 (La.App. 3rd Cir.1987), writ denied, 507 So.2d 227 (La.1987). Therefore, we need not consider the constitutional issue.
For the reasons stated, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.

. Counsel for the parties make no issue with respect to the variation in the spelling of the family name, i.e., Savoy and Savoie.

. Although a La.C.C. art. 203 acknowledgment is not an issue in this case, we observe that the record does not reflect a formal acknowledgment by the alleged father. Therefore, proof of filiation is the only alternative.