PATIN, Judge Pro Tern.
This case concerns the granting of a summary judgment. Plaintiff-appellant, John Thomas Spears, filed a claim for damages arising out of an accident caused by defendant, Gladius D. Broussard. Appellant’s employer, the State of Louisiana, intervened claiming reimbursement rights for worker’s compensation paid to him. Defendant and his insurer, State Farm Mutual Automobile Insurance Company, agreed with both plaintiff and intervenor to pay the policy limits of $25,000.00 into the registry of the court in exchange for their full release.
The State, through its office of Risk Management, moved for summary judgment on the grounds that it was statutorily entitled to the full amount of the State Farm policy. After a hearing on the mo *236 tion, summary judgment was granted in favor of the State and plaintiff appealed asserting the following errors:
(1) The trial court erred in granting the motion for summary judgment because it denies appellant recovery for non-work related injuries; and
(2) The trial court erred in not allowing appellant’s attorney’s fees to be paid from the amount awarded to the State.
Appellant was involved in an accident with defendant, Gladius Broussard, on July 30,1986. At the time of the accident appellant was in the scope and course of his employment with the Louisiana Department of Environmental Quality. As a result of the accident appellant sued Brous-sard seeking recovery for damages.
Appellant received a total of $27,286.80 in worker’s compensation benefits and $8,432.66 in medical benefits paid by the State. The Office of Risk Management intervened in the suit claiming reimbursement for all of the benefits paid.
Defendant and his insurer, State Farm, placed the policy limits in the registry of the court, initiating a concursus proceeding and were released from the suit by agreement of the remaining parties.
The State moved for summary judgment asserting a right to reimbursement under L.R.S. 23:1103. It claimed the whole $25,-000.00 as it was an amount less than the total amount paid to appellant.
The trial court heard the motion for summary judgment and granted it. No reasons were assigned and no transcript of the hearing was included in the record.
Appellant’s first assignment of error is actually a combination of several complaints. He asserts that the trial court erroneously awarded the State the full amount in concursus when the award should have been divided between the parties according to work related and non-work related injuries. He contends that not allowing him to recover a portion of the award giving him recovery for damages not related to work is a violation of his equal protection and due process rights as guaranteed by the United States and Louisiana Constitutions. Furthermore, he contends that to allow the State to recover the full amount is to defeat the purpose of the Louisiana compulsory liability insurance law as liability insurance was meant to only compensate the victim for non-work related injuries.
The first assignment of error touches on, rather than outright asserts, the proper application of L.R.S. 23:1103. Both parties cite in brief the version of the statute which became effective January 1, 1990. However, this accident occurred in 1986 and suit was filed in 1987, before the statute was amended and when it was interpreted by the courts quite differently.
At the time of the accident the statute read as follows:
1103. Damages; apportionment of between employer and employee in suits against third persons; compromise of claims
In the event that the employer or the employee or his dependent becomes party plaintiff in a suit against a third person, as provided in R.S. 23:1102, and damages are recovered, such damages shall be so apportioned in the judgment that the claim of the employer for the compensation actually paid shall take precedence over that of the injured employee or his dependent; and if the damages are not sufficient or are sufficient only to reimburse the employer for the compensation which he has actually paid, such damages shall be assessed solely in his favor; but if the damages are more than sufficient to so reimburse the employer, the excess shall be assessed in favor of the injured employee or his dependent, and upon payment thereof to the employee or his dependent, the liability of the employer for compensation shall cease for such part of the compensation due, computed at six per cent per annum, and shall be satisfied by such payment.
No compromise with such third person by either the employer or the injured employee or his dependent shall be bind *237 ing upon or affect the rights of the others unless assented to by him.
In 1987 the Louisiana Supreme Court decided Brooks v. Chicola, 514 So.2d 7 (La.1987). That court held L.R.S. 23:1103 was enacted so that an employer seeking reimbursement from a third party tort-feasor for worker’s compensation it had paid could only do so from that portion of the employee’s award which was designated by the trial court as lost wages, lost earning capacity or other work related recovery. General damages awards such as pain and suffering were not available to the employer.
In 1989 (Act No. 454) the statute was amended, overruling Brooks by specifically granting the employer a preference to recover paid benefits from an entire award without concern for apportionment of work related and general damages. This amendment has once again raised the specter of retroactivity, and its equally phantom counterpart prospectivity, to haunt the courts until a solid decision is made and the problem is at last laid to rest.
Appellant asserts that his award should be apportioned between work related and non-work related damages. While he does not argue the prospectivity of the new L.R.S. 23:1103, such an argument is implicit in his assignment of error.
This court was recently faced with the same issue in St. Paul Fire & Marine Insurance Company v. E.R. Smith, d/b/a E.R. Smith Electrical Contractor, 596 So.2d 272 (La.App. 3d Cir.1992). We determined the amendment to L.R.S. 23:1103 was retroactive as it was interpretive legislation not affecting substantive rights. We recognized the fact that Brooks had been legislatively overruled and the statute given the meaning always intended. See also our opinion reaching the same result in Kathleen Crowley v. The City of Lafayette, 602 So.2d 40 (La.App. 3d Cir.1992).
The version of the statute in effect at the time of the accident made no reference to a “work related” apportionment of damages before recovery by the intervening employer. It simply stated that the award for damages be apportioned so that the employer who paid compensation would have a preference over the employee. The court in Brooks was responsible for interpreting the word “damages” to mean those which were not “work related”.
Under Article 9 of the La.Civ.Code, when a law is clear, unambiguous and does not lead to absurd consequences it is to be applied as written. The legislature obviously felt the Brooks application was the result of an incorrect interpretation of the statute as it enacted the amendment soon afterwards.
This court in St. Paul, pointed out that interpretive legislation is enacted to clarify the meaning intended in an existing statute. More importantly it pointed out that the original statute is the one which establishes the rights and duties. The 1989 amendment clarified what the legislature meant by “damages”.
The amendment tells the courts that the legislature never intended a distinction between general and work related damages. The employer always had a right to recover from the first dollar of the damage award and the employee always had to wait his turn for the excess, if any. From this perspective, nothing of substantive value is taken from the employee as it was never intended he have any preference over his employer in the award.
We feel that the retroactive application of the current L.R.S. 23:1103 is proper. In doing so, we find the trial court properly applied the law in granting summary judgment.
As to appellant’s constitutional challenges to the statute, we need not consider them. Appellant failed to raise these challenges in the trial court proceedings. It is well settled jurisprudence that such challenges must be affirmatively pled or otherwise raised at the trial court level and not, as is the case here, for the first time on appeal. Lemire v. NOPSI, 458 So.2d 1308 (La.1984); Savoy v. Savoy, 532 So.2d 298 (La.App. 3d Cir.1988).
Lastly, as to appellant’s assertion that recovery by the State is contrary to the *238 purpose of the compulsory liability law, we find no merit in this argument. Appellant cites no law or jurisprudence which supports this contention. L.R.S. 32:861 requires liability insurance on all motor vehicles registered in the state. The defendant carried liability insurance in accordance with this statute, and the policy limits were placed in the registry of the court. At that point, the statute fulfilled its purpose and it became the purpose of other statutes, namely L.R.S. 23:1103, to determine ultimately with whom recovery would lie.
For the foregoing reasons assignment of error one is without merit.
Appellant’s second assignment of error is that the trial court erred in not allowing his attorney’s fees to be deducted from the amount awarded in summary judgment. Although under L.R.S. 23:1102, appellant would be entitled to do so, at no time prior to appeal did he make his claim.
A review of the record reflects that appellant did not raise a claim for the fees in his answer to the summary judgment. Neither did he raise his claim in the fifty-nine days subsequent to the signing of the judgment and before taking a devolutive appeal. There is no evidence in the record of the contingency agreement between appellant and his counsel as is alleged in the brief.
Louisiana jurisprudence recognizes under the statute the employee’s right to make a claim for his attorney’s fees by rule or motion, even post-judgment. See Denton v. Cormier, 556 So.2d 931 (La.App. 3d Cir.1990). Appellant had ample opportunity to move for a rule or make some other motion and did not. As a result, a claim for attorney’s fees first asserted in this court, will not be considered.
Costs of this appeal are assessed to appellant.
AFFIRMED.
DOMENGEAUX, C.J., concurs and assigns reasons.