JzLOTTINGER, Chief Judge.
Through a motion in the trial court, decedent’s granddaughter sought to remove decedent’s illegitimate daughter from acting as the duly-appointed administratrix of his succession. From a judgment upholding the daughter’s appointment as administratrix, the granddaughter has appealed.
FACTS
During his lifetime, Charlie Burton (decedent) married only once and then to Ella Miller Burton. This marriage resulted in the birth of a child, Henrietta Burton Vernon. Henrietta Vernon had three children, one of whom is appellant, Ginger Vernon Francois. Henrietta Vernon and her mother died before decedent.
At some point, decedent lived in open concubinage with Lillian Diamond for more than twenty years. Augustine Diamond Crier, ap-pellee herein, is the daughter of decedent and Lillian Diamond. Although it was commonly known that decedent was the father of Augustine Crier, she was never formally acknowledged by him during his lifetime.
Decedent died on February 2, 1986. In July of 1986, Augustine Crier was appointed by the court as administratrix of his succession.
In March of 1990, Augustine Crier, in her capacity as administratrix, petitioned the court for authority to sell timber on property belonging to the succession. Ginger Francois filed an opposition to the proposed timber sale contending that such a sale would lessen the value of the property upon which the timber was located. When the prospective purchaser thereafter increased his offer, Ginger Francois withdrew her opposition to the sale. The record does not reflect whether this timber was ever sold.
Augustine Crier, in her capacity as admin-istratrix, petitioned the court again in Janu *175 ary of 1994, this time seeking authority to sell the property upon which the timber was located. Ginger Francois together with her husband, Varry Francois, filed a similar opposition to the sale of the property alleging that as holders of a note | agiven as collateral for a mortgage on said property, they were creditors of the succession. Because the proposed price of the sale was insufficient to pay their loan on the property, such a sale would be adverse to their interests. Ginger and Varry Francois further contended that because Augustine Crier had no right or interest in the succession, she should be removed as administratrix and that Ginger Francois should be appointed in her stead.
ACTION OF THE TRIAL COURT
The parties agreed to continue without date the hearing on the opposition filed by Ginger and Varry Francois regarding the sale of the property, and the only issue before the court was the motion to remove administratrix. Following a hearing, the trial court concluded that because Ginger Francois had previously recognized Augustine Crier’s authority with regard to the earlier timber sale, Ginger Francois could not now object to her serving as administratrix. From this judgment, Ginger and Varry Francois have appealed.
ISSUES PRESENTED FOR REVIEW
The issues raised by this appeal are, (1) whether or not Augustine Crier, as the informally acknowledged illegitimate daughter of decedent, is barred from proving filiation for inheritance purposes; and (2) whether Augustine Crier can be removed as administra-trix of decedent’s estate if it is determined that she has no interest in his estate.
CAPACITY TO INHERIT
The Civil Code classifies children as either legitimate or illegitimate. Legitimate children are those who are either born or conceived during marriage or who have been legitimated, while illegitimate children are those born and conceived outside of marriage and who have not been legitimated. La.Civ. Code arts. 178-180; Smith v. Jones, 566 So.2d 408, 409 (La.App. 1st Cir.), writ denied, 569 So.2d 981 (La.1990). It is undisputed that decedent was never married to Lillian Diamond, or that Augustine UCrier was the illegitimate issue of that union. The law is clear that illegitimate children must be legitimated by notarial act or acknowledged by notarial act or in the registering of the birth or baptism. La.Civ.Code arts. 200 and 203; Givens v. Smith, 625 So.2d 661, 663 (La.App. 5th Cir.1993).
It is apparently also undisputed that decedent never formally acknowledged that Augustine Crier was his illegitimate child either by a notarial act or in the registry of her birth or baptism. Our law provides that a child who has not been filiated by the initiative of the parent either by legitimation under La.Civ.Code arts. 198 or 200, or by acknowledgment under La.Civ.Code art. 203, must establish filiation through the institution of a proceeding under La.Civ.Code art. 209. See, La.Civ.Code art. 208.
La.Civ.Code art. 209 provides in pertinent part:
B. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged deceased parent by clear and convincing evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this article.
C. The proceeding required by this article must be brought within one year of the death of the alleged parent or within nineteen years of the child’s birth, whichever first occurs. This time limitation shall run against all persons, including minors and interdicts. If the proceeding is not timely instituted, the child may not thereafter establish his filiation, except for the sole purpose of establishing the right to recover damages under Article 2315.
In brief, Augustine Crier puts forth the very novel argument that inasmuch as all parties to this action recognize and acknowledge that she is the illegitimate child of decedent, such acknowledgment, under the *176 provisions of La.Civ.Code art. 3464[1], serves to interrupt the prescriptive period set forth in La.Civ.Code |sart. 209[2]. Claiming that prescription was continuously interrupted in this manner, Augustine Crier further contends that she was not obliged to file her claim for filiation prior to September, 1982[3].
While Augustine Crier concedes that this court in In the Matter of the Filiation of Robert Thomas, Jr., 450 So.2d 1048, 1049 (La.App. 1st Cir.), writ denied, 457 So.2d 1192 (La.1984) held that informal acknowledgment does not interrupt the prescriptive period provided in La.Civ.Code art. 209, she argues that this ruling should be limited to informal acknowledgment by a father, and should not apply where the child seeking to establish filiation is informally acknowledged by the heirs affected.
Augustine Crier further admits that while she did not seek filiation prior to her nineteenth birthday, she nevertheless, opened decedent’s succession within one year of his death, and asserts that she may establish her claim for filiation therein. As authority for this proposition, Augustine Crier relies upon this court’s opinion in In the Matter of the Succession of Orange Stevenson, Jr., 492 So.2d 100, 102 (La.App. 1st Cir.), writ denied, 494 So.2d 1178 (La.1986) wherein we held that an action to establish filiation may be cumulated with an action asserting succession rights and need not be filed as an entirely separate suit.
Despite the novelty of her argument, the record before us is devoid of any evidence to substantiate Augustine Crier’s contention that she has been informally acknowledged as decedent’s child by his heirs. Even if we were to assume arguendo, that this was the ease, we are unpersuaded by her assertion that informal ^acknowledgment by decedent’s heirs should be sufficient to interrupt prescription under art. 209(C). Augustine Crier’s right to establish filiation had prescribed before decedent’s death; therefore, subsequent acknowledgment by decedent’s heirs is irrelevant.
For the reasons set forth above, we must conclude that Augustine Crier is barred from asserting an interest in the succession of decedent.
REMOVAL AS ADMINISTRATRIX
Inasmuch as we have determined that Augustine Crier is barred from proving paternal filiation to decedent, we must now address the question of whether this fact precludes her from serving as the duly-appointed administratrix of his succession. This very question was addressed by the Louisiana Supreme Court in the Succession of Charles Haskel Grice, 462 So.2d 131 (La.1985), a case which incidently, is cited by Augustine Crier for a different proposition.
In Grice, a thirty-one year old woman filed a petition claiming that decedent was her father, and asked to be appointed provisional administratrix of his succession. Following her appointment as provisional administra-trix, decedent’s widow filed a rule against her to show cause why she should not be barred from establishing filiation and why she not be disqualified from serving as administratrix. The supreme court reversed the trial court and ruled that La.Civ.Code art. 209 was constitutional. In light of this holding, the court ruled that plaintiff was barred from proving filiation, and further disqualified from serving as the provisional administratrix of his estate under La.Code Civ.P. art. 3097[4].
*177 For the reasons asserted by the Louisiana Supreme Court in the | |7Succession of Charles Haskel Grice, and in light of our earlier determination that Augustine Crier was barred from proving paternal filiation, we hold that it was error for the trial court to appoint her as administratrix of decedent’s succession.
CONCLUSION
For the above and foregoing reasons, the judgment of the trial court is reversed; and IT IS NOW ORDERED ADJUDGED AND DECREED that there be judgment in favor of movers, Ginger and Varry Francois on their motion to remove Augustine Crier as administratrix of decedent’s succession, and this matter is hereby remanded to the trial court for further proceedings consistent with this opinion. Augustine Crier shall be responsible for all costs of this proceeding.
REVERSED AND REMANDED.

. La.Civ.Code art. 3464 provides that, "[prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe.”

. Augustine Crier relies on this court's opinion in In the Matter of the Filiation of Robert Thomas, Jr., 450 So.2d 1048 (La.App. 1st Cir.), writ denied, 457 So.2d 1192 (La.1984), wherein the time limitation of La.Civ.Code art. 209(C) was referred to as a prescriptive period.

. Although the brief filed by Augustine Crier does not explain the significance of the September, 1982 date, we presume that said date marks the expiration of the one year grace period provided by Section 2 of Act No. 720 of 1981. That section granted to any person adversely affected by the time period provided in La.Civ.Code art. 209 (as amended by Section 1 of Act No. 720 of 1981), an additional year from the effective date of the amendment in which to establish filiation.

.La.Code Civ.P. art. 3097B provides:
No person may be appointed dative testamentary executor, provisional administrator, or administrator who is not the surviving spouse, heir, *177 legatee, legal representative of an heir or legatee, or a creditor of the deceased, or a creditor of the estate of the deceased, or the nominee of the surviving spouse, heir, legatee, or legal representative of an heir or legatee of the deceased, or a co-owner of immovable property with the deceased.