hHIGHTOWER, Judge.
A widow, Bertha Payne Humphrey (“Bertha”), challenges a district court decision denying her motion to revoke the appointment of her deceased husband’s alleged natural daughter, Sadie R. Humphrey (“Sadie”), as succession administratrix. We reverse.
Facts
Barge H. Humphrey Jr. (“Barge”), a domiciliary of Lincoln Parish, died intestate on March 24, 1992. Twenty-two days later, alleging herself to be “the natural daughter of the deceased,” Sadie petitioned to be appointed administratrix of the succession. An accompanying affidavit of death and heirship indicated that the decedent had been married at the time of his death to Bertha, his only wife, and that no issue resulted from that union. Even so, that document asserted Sadie and Louise A. Williams to be Barge’s only children.
The next day, the district court designated Sadie as succession administratrix. In a motion to revoke that appointment, filed over two years later on May 17, 1994, Bertha maintained that Sadie had failed to establish herself sufficiently as Barge’s natural daughter, and, thus, did not qualify to be a succession representative under La.C.C.P. Art. 3097. Bertha further prayed, as sole heir and surviving spouse, to be appointed admin-istratrix.
After issuing a rale to show cause, the district court heard the motion for revocation. Only Sadie, called as a witness by the movant, testified at the proceeding. Although indicating that the deceased had recognized her as his child, she did not know of or possess any documentation to that effect. The parties further stipulated that Bertha had been married to Barge at the time of his death and that several other then-available *569 witnesses would state that Sadie is the child of the decedent.
The district court later issued a written opinion concluding that, while lacking legal documentation to establish her paternity, Sadie had shown through testimony and the stipulation that she is the daughter of the deceased and had always been treated as such. The trial judge also observed that the movant offered no evidence contravening Sadie’s parentage, which remained unquestioned. As a result, the court denied the ^motion for revocation and, thus, permitted the administratrix’s appointment to stand. This appeal by the widow ensued.
Discussion
Appellant contends that, inasmuch as Barge’s alleged daughter cannot by any means establish herself to be an heir by virtue of either legitimate filiation, legitimation, acknowledgment, or proof of filiation in accordance with La.C.C. Art. 209, she fails to meet the requirements for appointment as succession administratrix under La.C.C.P. Art. 3097.[1] Thus, according to the widow, the trial court erred in denying the motion for revocation.
Children either born or conceived during marriage enjoy legitimate filiation. La.C.C. Art. 179. Conversely, for children bom out of matrimony to be considered the legal children of a natural parent, they must be filiated through the initiative of the parent either by legitimation under La.C.C. Arts. 198 or 200, or by acknowledgment under La.C.C. Art. 203. Succ. of Burton, 94-2609 (La.App. 1st Cir. 10/06/95), 662 So.2d 174, writ denied, 95-2657 (La. 01/05/96), 666 So.2d 289. Otherwise, they must establish filiation by instituting a proceeding under La.C.C. Art. 209. See La.C.C. Art. 208; Lee v. Succ. of Chapman, 463 So.2d 896 (La.App. 2d Cir.1985); Succ. of Burton, supra.
From Sadie’s own testimony, elicited by the movant, it is clear that the decedent’s alleged daughter is unable in the present case to prove paternal filiation under La.C.C. Arts. 198, 200, or 203. While appellee’s testimony indicates she may have been informally acknowledged by Barge, proof of that fact must have been produced in a proceeding instituted prior to her nineteenth birthday or before September 11,1982.[2] 13Hence, having failed to initiate such an action timely, Sadie, age fifty-four, is now barred by law from establishing the filiation in question by that method. See La.C.C. Art. 209(B); Succ. of Grice, 462 So.2d 131 (La.1985), cert. denied, 473 U.S. 901, 105 S.Ct. 3517, 87 L.Ed.2d 646 (1986); Lee, supra; Succ. of Burton, supra. Said another way, Sadie is legally unable to assert any interest, as heir, in the succession of the decedent.
As for the motion to revoke Sadie’s appointment, the court may remove any succession representative who is or has been disqualified or has failed to perform any duty imposed by law. La.C.C.P. Art. 3182. The disqualification and removal of an administrator can be accomplished for those reasons set forth in La.C.C.P. Art. 3097. See Succ. of Bradford, 27,123 (La.App. 2d Cir. 06/21/95), 658 So.2d 248, rev’d on other grounds, 95-1884 (La. 12/08/95), 664 So.2d 393. Under the facts of the case sub judiee, of course, a person barred from establishing himself to be an heir is disqualified to serve as administratrix. See La.C.C.P. Art. 3097(B);[3] Succ. of Grice, supra; Succ. of *570 Burton, supra. Thus, the trial court erred in failing to remove Sadie as administratrix of decedent’s succession.
Conclusion
For the reasons assigned, the trial judge’s decree is reversed and judgment is now rendered in favor of Bertha Payne Humphrey on her motion to remove Sadie R. Humphrey as administratrix of decedent’s estate. This matter is remanded to the district court for further proceedings consistent with this opinion. All costs are assessed to appellee.
REVERSED AND RENDERED.
BROWN, J., concurs with explanation.

. La.C.C.P. Art. 3097(B) provides:
No person may be appointed dative testamentary executor, provisional administrator, or administrator who is not the surviving spouse, heir, legatee, legal representative of an heir or legatee, or a creditor of the deceased or a creditor of the estate of the deceased, or the nominee of the surviving spouse, heir, legatee, or legal representative of an heir or legatee of the deceased, or a co-owner of immovable property with the deceased.

. In establishing the prescriptive period of La. C.C. Art. 209(C), the legislature enacted and then reenacted a one year "grace period” during which persons adversely affected by that time limitation could bring suit. See Acts 1980, No. 549, § 4; Acts 1981, No. 720 § 2; Lee, supra. The last grace period expired on September 11, 1982.

.The comments to La.C.C.P. Art. 3097 indicate that the purpose of subsection B is to "disqualify strangers for appointment as succession representative, except when named as testamentary executor or nominated by [an interested person].”