|! JONES, Judge.
The late Mrs. Joyce Luwiseh Guerra (hereinafter referred to as “Decedent”) died on March 15, 1995 survived by her husband, appellant, Lawerence Guerra, Jr. and four major children. Decedent left two statutory wills, one dated February 25, 1995 in which she appointed Kathleen Burmaster as executrix, and a later will dated March 2, 1995, in which she appointed her surviving spouse, appellant, as executor. On March 16, 1995 appellant filed a notice of application for appointment as administrator. On April 25, 1995, Decedent’s daughter, appellee, Joyce-lyn Guerra Hammers, filed a petition for probate of statutory will in which Kathleen Burmaster declined to fulfill her appointment as executrix. On May 8,1995, appellant filed an opposition to appointment of the dative testamentary executrix based on decedent’s express appointment of an executor in her March 2,1995 will. A hearing was scheduled for May 12, 1995. On the date of the hearing, appellant filed the latest will of his late wife for probate, and same was probated and letters testamentary were issued to him. It was at this hearing that appellee filed her opposition to the appointment of appellant as executor. The trial Rcourt ordered all parties to appear on May 26, 1995 for a hearing. After the May 26, 1995 hearing, the trial court ordered appellant removed as executor and in his place appointed the appellee. In its reasons for judgment, the trial court stated that the testimony at trial indicated that appellant was unable to discharge his duties due to his lack of skill and training.
Appellant filed an application for supervisory writ along with a request for stay order with this court. The writ was denied prompting appellant to file an application for emergency supervisory writ and stay order with the Louisiana Supreme Court. Appel *801 lant’s writ was granted and the matter was remanded to this Court for expeditious consideration on the merits. That writ has been consolidated with the appeal of the same judgment lodged in this Court.

DISCUSSION

Initially, appellant argues that the trial court erred by removing him as executor. In its reasons for judgment following the May 26 hearing, the Court stated: “Given the opportunity to view Mr. Guerra's testimony, the Court is convinced he possesses neither the training nor the experience necessary to administer to the succession. Mr. Guerra lacks the skills and abilities required to properly manage the succession.” Article 3082 of the Louisiana Code of Civil Procedure addresses the order of confirmation and provides:
Unless the person named in the testament as executor is disqualified on any of the grounds assigned in Article 3097, the court shall render an order upon his petition for confirmation, confirming him as testamentary executor and directing the issuance of letters testamentary to him after he has taken his oath of office and furnished security, if required.
Article 3097 governs the grounds for disqualification of executors and administrators and provides as follows:
A.No person may 'be confirmed as testamentary executor, or appointed dative testamentary executor, provisional administrator, or administrator who is:
13(1) Under eighteen years of age;
(2) Interdicted, or who, on contradictory hearing, is proved to be mentally incompetent;
(3) A convicted felon, under the laws of the United States or of any state or territory thereof;
(4) A nonresident of the state who has not appointed a resident agent for the service of process in all actions and proceedings with respect to the succession, and caused such appointment to be filed in the succession proceeding;
(5) A corporation not authorized to perform the duties of the office in this state, or;
(6) A person who, on contradictory hearing, is proved to be unfit for appointment because of bad moral character.
B.No person may be appointed dative testamentary executor, provisional administrator, or administrator who is not the surviving spouse, heir, legatee, legal representative of an heir or legatee, or a creditor of the deceased or a creditor of the estate of the deceased, or a nominee of the surviving spouse, heir, legatee, or legal representative of an heir or legatee of the deceased, or a co-owner of immovable property with the deceased.
The jurisprudence of this state is clear that “an executor who qualifies under the provisions of C.C.P. 3097 cannot be removed from office except for one of the reasons stated in C.C.P. art. 3182, or for breach of fiduciary duty imposed by C.C.P. art. 3191.” Succession of Orlando, 442 So.2d 501 (La.App. 5th Cir.1983), writ denied 446 So.2d 1227 (La.1984). Article 3182 provides:
[T]he court may remove any succession representative who is or has become disqualified, has become incapable of discharging the duties of his office, has mismanaged the estate, has failed to perform any duty imposed by law or by order of the court, has ceased to be a domiciliary of the state without appointing an agent as provided in Article 3097(A)(4), or has failed to give notice of his application for appointment when required under Article 3093.
The trial court found that due to appellant’s lack of education and training, he was incapable of effective, prudent management of the estate. However, it | ¿should be emphasized that appellant’s lack of education and training alone do not form the basis for his removal since they are not among the grounds for disqualification listed in La. C.C.P. Art. 3097. Rather, the significance of appellant’s education and training is that it helps to determine whether he has the skills to properly manage the estate. The inability of a succession representative to properly *802 manage the estate constitutes grounds for removal under La.C.C.P. Art. 3182.
Appellant’s decision to initiate bankruptcy proceedings on behalf of his deceased wife and himself was questioned, as well as statements appellant made such as: “I can’t remember if I’m living half of the time.” In light of the aforementioned articles and the testimony of appellant at trial, he was removed as executor.
The trial court’s determination that appellant lacked the required skills was factual in nature. It is well settled that a factual finding cannot be disturbed on appeal unless it is manifestly erroneous or clearly wrong. Stobart v. State, DOTD, 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1979). Having carefully reviewed the record, we cannot say that the trial court committed manifest error in the disqualification and subsequent removal of the appellant pursuant to Articles 3097 and 3182. Accordingly, we affirm the ruling of the trial court removing appellant as executor.
Appellant contends by his next assignment of error that the trial court erred in appointing appellee as dative testamentary executrix. He argues that appellee was not qualified since at trial she was shown to have sworn falsely in public records, and she failed to disclose that she had discharged in excess of $4,000,000.00 of debt in a personal bankruptcy. This information was especially relevant since appellee alleges that appellant’s mismanagement of the estate is ^apparent since he filed for bankruptcy. Additionally, appellant argues that the trial court erred in appointing appellee as executrix when there is a complaint pending in bankruptcy court alleging fraud against the appellee. We agree.
After a careful review of the record, we find that the trial court erred in appointing appellee as dative testamentary executrix. There is a considerable amount of testimony which calls appellee’s credibility into question. Appellee testified that as Secretary of Fisherman’s Paradise Harbor and Marina, Inc., she signed a Notarial Act of Covenant Running With the Land wherein she asserted that said corporation owned the land when in fact she knew this was a false statement. Additionally, appellee stated at trial that she did not know whether appellant’s filing for bankruptcy was justified or not, but that the main reason she did not want appellant confirmed as executor was because she believed he harbored ill feelings toward her.
Considering the record in its entirety, we find that the trial court erred by appointing appellee dative testamentary executrix. Accordingly, we affirm the removal of appellant as executor, reverse the appointment of ap-pellee as dative testamentary executrix, and remand this matter to the trial court for appointment of a competent executor for the estate. Each party is to bear his own costs of this appeal.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.