STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 03-1127

SUCCESSION OF RICKY JAMES SIMON

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF VERMILION, NO. 77,604,
HONORABLE KRISTIAN D. EARLES, DISTRICT JUDGE

**********

JIMMIE C. PETERS
JUDGE

**********

Court composed of John D. Saunders, Jimmie C. Peters, and Billy Howard Ezell, Judges.

**AFFIRMED.**

**Donald G. Cave**
**Cave Law Firm**
**3909 Plaza Tower Dr.**
**Baton Rouge, LA 70816**
**(225) 292-3194**
**Counsel for Appellant:**
    **Barbara C. Simon**

**Aubrey E. Denton**
**Attorney at Law**
**P. O. Drawer 52110**
**Lafayette, LA 70505**
**(337) 289-9151**
**Counsel for Appellee:**
    **Rebecca B. Simon**

**Michael S. O'Brien**
**The Goode Law Firm**
**P. O. Drawer 3366**
**Lafayette, LA 70502**

**(337) 234-0600**
**Counsel for Appellee:**
     **Robert Mitchell Arcement**

PETERS, J.

This litigation involves a dispute between the mother and the surviving spouse of Ricky James Simon over who should be recognized as the administratrix of his succession. Mr. Simon's mother, Barbara C. Simon, appeals a trial court judgment removing her as administratrix of his succession and naming his surviving spouse, Rebecca B. Simon, to that position. For the following reasons, we affirm the trial court judgment.

## DISCUSSION OF THE RECORD

Ricky James Simon died as a result of a February 10, 2002 offshore accident. At the time of his death, he was married to Rebecca B. Simon. That marriage produced one child, Angel Nicole Simon, born on March 15, 1997. Mr. Simon also had another child, Jade Natelia Arcement, who was born on August 21, 1987, and who was later adopted by Robert Mitchell Arcement.

On February 27, 2002, or just seventeen days after Mr. Simon's death, Barbara Simon filed a petition seeking to be appointed the administratrix of his succession. The trial court signed an ex parte order appointing her to that position, and Letters of Administration were issued to her, all on that date. Thereafter, the succession proceedings lay dormant until January 10, 2003, when Rebecca Simon filed a petition to be appointed administratrix of the succession as well as a dilatory exception of lack of procedural capacity and a peremptory exception of no right of action. Both exceptions sought removal of Barbara Simon as administratrix. On January 24, 2003, Rebecca Simon and Robert Mitchell Arcement[1] filed a rule requesting that Barbara Simon be ordered to show cause why the exceptions should not be granted. After an April 21, 2003 hearing wherein neither Barbara Simon nor Rebecca Simon presented

---

[1]This pleading marks the first appearance of Robert Mitchell Arcement in the succession pleadings.

any evidence, the trial court rendered a judgment granting the exceptions and removing Barbara Simon as administratrix. The trial court signed a judgment to this effect on April 28, 2003. On April 30, 2003, the trial court issued written reasons for its judgment. Barbara Simon timely appealed this judgment, asserting in her one assignment of error that the trial court abused its discretion and committed manifest error in its decision to remove her as administratrix.

## OPINION

In its written reasons for judgment, the trial court stated that Barbara Simon was not qualified to be appointed administratrix because her "petition for appointment . . . made no allegations that she is a member of any of the categories listed under Louisiana Code of Civil Procedure Article 3097(B)." On appeal, Barbara Simon asserts that the trial court erred in using La.Code Civ.P. art. 3097(B) to remove her as administratrix absent evidence of the grounds of her disqualification. Additionally, at oral argument, counsel for Barbara Simon raised the contention for the first time that she should have been given the opportunity to amend her petition to state a basis for her qualification.

In this matter, no interested person filed a request for a La.Code Civ.P. art. 3091 notice of the filing of an application to be appointed administrator of Mr. Simon's succession. Without such a request of record, and because more than ten days had elapsed since Mr. Simon's death when Barbara Simon filed her petition to be appointed administratrix, the trial court was authorized to appoint her "forthwith, *unless [she was] disqualified under Article 3097.*" La.Code Civ.P. art. 3094. (Emphasis added.)

Parties disqualified from being appointed administrator or administratrix are set forth in La.Code Civ.P. art. 3097. That portion of the Article at issue in this litigation

2

is La.Code Civ.P. art. 3097(B), which provides that "[n]o person may be appointed

. . . administrator who is not the surviving spouse, heir, legatee, legal representative

of an heir or legatee, or a creditor of the deceased or a creditor of the estate of the

deceased, or the nominee of the surviving spouse, heir, legatee, or legal representative

of an heir or legatee of the deceased, or a co-owner of immovable property with the

deceased." In her petition for appointment, Barbara Simon did not assert any

qualification basis under La.Code Civ.P. art. 3097(B). Rather, she asserted that an

administration was necessary because "[t]here are debts due by the decedent's estate."

Despite this failure to assert her specific qualification, when first presented with the

application for appointment, the trial court signed an order appointing her as

administratrix.[2]

Concerning the removal of an administratrix, La.Code Civ.P. art. 3182

provides:

> The court may remove any succession representative who is or has
> become disqualified, has become incapable of discharging the duties of
> his office, has mismanaged the estate, has failed to perform any duty
> imposed by law or by order of court, has ceased to be a domiciliary of
> the state without appointing an agent as provided in Article 3097(4), or
> has failed to give notice of his application for appointment when
> required under Article 3093.
> The court on its own motion may, and on the motion of any
> interested party shall, order the succession representative sought to be
> removed to show cause why he should not be removed from office. The
> removal of a succession representative from office does not invalidate
> any of his official acts performed prior to his removal.

Barbara Simon asserts that the trial court erred in granting the exceptions when

Rebecca Simon presented no evidence in support of her exceptions. We agree that the

consideration of the vagueness of the petition alone is an insufficient basis to remove

---

[2]The trial court judge who signed the order appointing Barbara Simon was not the same judge who decided Rebecca Simon's rule to show cause.

her as administratrix. Generally, one seeking to establish that a party lacks the procedural capacity to proceed or has no right of action in the litigation must bear the burden of proof by presenting evidence in support of the exceptions. *See Succession of Luwisch*, 95-1185, 95-2376 (La.App. 4 Cir. 5/22/96), 675 So.2d 799; *Succession of Humphrey*, 28,298 (La.App. 2 Cir. 5/8/96), 688 So.2d 567, *writ denied*, 96-1871 (La. 10/25/96), 681 So.2d 375; *Succession of Bradford*, 27,123, 27,328 (La.App. 2 Cir. 6/21/95), 658 So.2d 248, *writ granted and reversed*, 95-1884 (La. 12/8/95), 664 So.2d 393; *Succession of Orlando*, 442 So.2d 501(La.App. 5 Cir. 1983), *writ denied*, 446 So.2d 1227 (La.1984); *Succession of Revere*, 393 So.2d 153 (La.App. 1 Cir. 1980); *Succession of Smith*, 219 So.2d 291 (La.App. 3 Cir. 1969).

However, although the trial court mentioned only Barbara Simon's petition in its reasons for judgment, attached to the petition were all of the other pleadings required for the trial court to consider her application, including specifically a detailed descriptive list executed by Barbara Simon. In that detailed descriptive list, Barbara Simon specifically stated that Mr. Simon owned no immovable property at the time of his death. Additionally, she identified no debts owed by Mr. Simon at the time of his death. The detailed descriptive list is "prima facie proof of all matters shown therein, unless amended or traversed successfully." La.Code Civ.P. art. 3137.

The record does reveal the underlying issue in this litigation. The issue is who will have the control of a Jones Act and general maritime suit for damages arising from Mr. Simon's death. The record contains a copy of a Jones Act and general maritime suit filed by Rebecca Simon in the United States District Court for the Western District of Louisiana on January 6, 2003, or four days before she filed to be appointed administratrix of Mr. Simon's succession. In that suit, she appeared "individually and as personal representative of **RICKY JAMES SIMON**, deceased,

4

and on behalf of **ANGEL NICOLE SIMON**, the minor child of Ricky James Simon."

Robert Mitchell Arcement joined her as a plaintiff in that suit, representing Jade Arcement's interests. Barbara Simon asserts in brief that in her capacity as administratrix of her son's succession she had already filed a similar suit in state district court on March 19, 2002. The record does not contain a copy of that suit.

While Barbara Simon may have a personal interest in the litigation over her son's death, by her own pleadings, she does not qualify under La.Code Civ.P. art. 3097(B) to be appointed administratrix of his succession. Therefore, we find no error in the trial court's judgment.

## DISPOSITION

For the foregoing reasons, we affirm the trial court's judgment removing Barbara Simon as administratrix of the succession of Ricky James Simon. We assess all costs of this appeal to Barbara Simon.

**AFFIRMED.**