648 So.2d 9 (1994)
STATE of Louisiana DEPARTMENT OF SOCIAL SERVICES OFFICE OF FAMILY SUPPORT, Plaintiff-Appellee,
v.
John L. NORRIS, Defendant-Appellant.
No. 26,831-JA.
Court of Appeal of Louisiana, Second Circuit.
December 7, 1994.
*10 Charles A. Smith, Minden, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, James M. Bullers, Dist. Atty., Minden, Rudy W. York, Staff Atty., DOSS, Shreveport, for appellee.
Before MARVIN and BROWN, JJ., and PRICE, J. Pro Tem.
PRICE, Judge Pro Tempore.
This is a paternity suit brought on behalf of a minor child. The natural mother of the child is Merry J. Terral, and the presumptive father, under LSA-C.C.Art. 184, is Ricky G. Smalling. The alleged biological father of the child is the appellant, John L. Norris. Norris appeals the district court's judgment establishing his paternity. We reverse and remand.

FACTS
After ending a sexual relationship with Ricky G. Smalling, Merry J. Terral began a sexual relationship with John L. Norris. The latter relationship began in August 1985 and ended in January 1986. During that time, Terral became pregnant.
When Terral's relationship with Norris ended, she told Smalling about her pregnancy, and they married on March 15, 1986. Three months later, June 20, 1986, Terral gave birth to the child. She named Smalling as the father on the birth certificate.
On September 9, 1991, Terral divorced Smalling. The court granted joint custody of the child to Smalling and awarded him reasonable visitation rights. The court also ordered him to pay $150.00 per month child support. Since the divorce, Smalling has maintained his relationship with the child.
Next, Terral applied for child support. She named both Smalling and Norris as the child's father. Then, pursuant to LSA-R.S. 46:236.1(F), the State of Louisiana, through the Department of Social Services, Office of Family Support commenced this action on behalf of the child to establish Norris' paternity and child support obligation. The state did not make Smalling a party.
Norris denied paternity, and the court ordered him, Terral and the child to submit to DNA testing. Smalling was not tested. The results from the tests did not exclude Norris as the child's biological father, and, after a hearing, the hearing officer recommended that Norris be declared the child's father. *11 The district court affirmed the hearing officer's recommendation. Norris appealed.

DISCUSSION
Norris contends the state failed to carry its burden of proof. He claims the evidence shows that both he and Smalling had sexual relations with Terral around the time of conception. He also claims that, since no DNA testing was done on Smalling, the evidence does not exclude Smalling as the child's biological father. Norris concludes the trial court erred in finding his paternity.
We pretermit a discussion on the issue of whether the state met its burden of proof because we notice the absence of an indispensable party. Finnerty v. Boyett, 469 So.2d 287, 296 (La.App. 2d Cir.1985). The failure to join an indispensable party may be noticed by an appellate court on its own motion. LSA-C.C.P.Arts. 645, 927. An indispensable party is a person whose interest in the subject matter of the action is so interrelated and will be so directly affected by the judgment, that a complete and equitable adjudication cannot be made unless that person is joined in the action. Finnerty v. Boyett, supra; LSA-C.C.P.Art. 641. "When an action is brought through which a court can declare that another man is the biological father of a presumed parent's legitimate child, equity requires that the presumed father be made a party to the action. The presumed father's interest and rights are necessarily affected by the judgment." Finnerty v. Boyett, supra.
In the instant case, when the state sued Norris, it only named him as defendant; the state did not make the presumed father a party. Prior to the state's action, Smalling was considered the child's father in all respects, including biologically. See Finnerty v. Boyett, supra. Therefore, despite any awareness Smalling had of this proceeding, we find that, because his rights are affected, Smalling, the presumed father, is an indispensable party and must be joined in this action. See Ebey v. Harvill, 26,373 (La.App. 2d Cir. 12/07/94), 647 So.2d 461.
For the reasons set forth above, the judgment of the trial court declaring John L. Norris to be the biological father of the minor child involved in this case is reversed. We remand this case to the trial court for amendment of the petition to join Ricky G. Smalling as a party, for receipt of further evidence, and for a determination of the child's natural father. LSA-C.C.P. Art. 646.
REVERSED AND REMANDED.