|2CARTER, Judge.
This is an appeal from a trial court judgment following a “Joint Motion To Submit Issues Of Insurance Coverage For Separate Trial.”

FACTS

On October 7, 1991, Terry Dardar was operating a 1987 Isuzu truck, owned by his employer, Master Electric Service, Inc., in a northerly direction on Fifth Street near its intersection with Duke Street in Morgan City, Louisiana. Simultaneously, a vehicle owned and operated by Nelwyn G. Robinson was westbound on Duke Street near its intersection with Fifth Street. At the intersection of Fifth and Duke Streets, Fifth is favored, and Duke is controlled by a stop sign. The Robinson vehicle failed to obey the stop sign and entered the intersection in the path of Dardar, resulting in a collision wherein Dardar sustained serious injuries.
At all times pertinent hereto, Allstate Insurance Company (Allstate) had in effect a policy of automobile liability insurance issued to Robinson with policy limits of $50,000.00. State Farm Insurance Company (State Farm) had in effect a policy of uninsured/un-derinsured motorist (UM) insurance on the 1987 Isuzu truck operated by Dardar. The State Farm policy had liability limits of $500,000.00, but the insured executed an “Acknowledgment of Coverage Selection or Rejection,” wherein the insured purported to select UM coverage with lower limits of $100,000.00. Sometime after the accident, Dardar and his wife, Sharon, entered into a compromise with Robinson, Allstate, and State Farm. The Dardars settled their claims against Robinson and Allstate for the $50,000.00 policy limits and their claims against State Farm for the sum of $90,000.00. However, the settlement proceeds were insufficient to cover all of the damages suffered by the Dardars.
On August 11, 1992, the Dardars filed an action for damages against their own UM insurer, Prudential Property and Casualty Insurance Company. The Prudential policy *300 did not list, as an insured vehicle, the 1987 Isuzu which Dardar was driving at the time of the accident. In answering the petition, Prudential asserted that its policy of insurance specifically excluded coverage for bodily injury or property damage to an insured while using a non-owned vehicle which was not insured under its policy andjjwhich was regularly used by the insured. Prudential indicated that, at the time of the accident, Dardar was operating a vehicle which was owned by his employer, furnished for his regular use, and used with his employer’s permission. Thus, Prudential reasoned that, under its policy, UM coverage was unavailable to Dardar.
On December 29, 1994, the parties filed a “Joint Pre-Trial Stipulation,” which provided that an accident occurred on October 7,1991, involving Dardar and Robinson, and that the Dardars settled their claims against Robinson and Allstate for $50,000.00 and against State Farm for $90,000.00. The parties also stipulated (1) that Prudential issued a policy of insurance to Dardar, providing coverage for his 1988 Toyota Camry and his 1989 Mercury Tracer, with liability and UM policy limits in the amount of $100,000.00;. (2) that should the court find State Farm’s selection of lower UM limits form to be valid and enforceable and that the Prudential policy does not exclude UM coverage, then Dardar is entitled to recover the $100,000.00 UM limits of the Prudential policy; and (3) that, in return, Dardar agreed to forego any claim for penalties and attorney’s fees for Prudential’s failure to have made a UM tender.
On January 17, 1995, Prudential filed a motion for summary judgment, contending that, while operating his employer’s vehicle, Dardar was not an insured under its policy and that its policy clearly and unambiguously excluded UM coverage. In the alternative, Prudential contended that, as a matter of law, the State Farm rejeetion/selection of lower UM limits document is ambiguous and, thus, invalid under Louisiana law. Prudential argued that, because the UM form is ambiguous and invalid, the State Farm policy has UM limits equal to the liability limits of $500,000.00, rather than the lower limits of $100,000.00 selected on the form. According to Prudential, Dardar cannot recover under the Prudential policy unless his damages exceed $550,000.00 (the $50,000.00 liability limits of the Allstate policy, plus the $500,000.00 UM limits of the State Farm policy).
On February 22, 1995, the trial court denied Prudential’s motion for summary judgment, without assigning reasons. Thereafter, on April 5, 1995, the Dardars and Prudential filed a “Joint Motion To Submit Issues Of Insurance Coverage For Separate Trial,” setting forth the following stipulation:
|4(a) Plaintiffs, Terry and Sharon Dardar, would waive any claim for penalties and attorneys fees arising out of Prudential’s failure to make a tender of payment under the provisions of the UM policy;
(b) Defendant, Prudential, stipulated that Nelwyn Robinson was the cause of the subject accident, that such accident caused injury to the plaintiffs and that the said damages were at least $250,000. Defendant stipulated that should a Judgment be rendered holding State Farm’s selection of lower UM limits document to be valid and enforceable and that Prudential’s UM policy does not exclude UM coverage, then Prudential would pay to the plaintiffs the limits of the UM policy of $100,000.
(e) Both plaintiffs and defendant reserved their right to appeal the Trial Court’s holding on the issues set forth in paragraph Kb).
For the purpose of resolving the issue of insurance coverage, the parties agreed that all documents attached to any memoranda submitted in conjunction with the motion for summary judgment and/or any document filed into the record would be stipulated as having been submitted and accepted by the parties as evidence in the final judgment on the coverage issue.[2]
*301 On April 5, 1995, the trial court rendered judgment, finding that State Farm’s selection of lower limits document is valid and enforceable and that Prudential’s policy does not exclude UM coverage. In accordance with the stipulations of the parties, the trial court ordered that Prudential pay the Dardars the $100,000.00 limits of its UM policy, together with interest from the date of judicial demand.
Prudential appealed, assigning the following specifications of error:
I. The Trial Court erred in finding that Prudential’s policy provided uninsured motorist coverage to Terry Dardar. More particularly, the Trial Judge erred in finding that plaintiff met the definition of an insured under the policy and that the policy did not exclude coverage to plaintiff while operating the 1987 Isuzu pickup truck which was available for his regular use and regularly used by him. Alternatively, the Trial Court erred in holding that Prudential’s definition of an insured and its coverage exclusion, which excludes coverage while a policy holder is operating a vehicle available for his regular use and/or regularly used by him, to be invalid and unenforceable.
II. The Trial Court erred in failing to follow this Honorable Court’s holding in Anderson v. Allstate Insurance Company, 642 So.2d 208 (La.App. 1st Cir.1994) and in holding that State Farm’s Selection of UM limits form was not ambiguous and was valid and enforceable.
IsWe find that we are unable to consider these arguments at this time. We notice, on our own motion, that a party who is needed for a just adjudication has not been joined.
One of the main issues raised by Prudential in this appeal is the validity of the UM seleetion/rejection form in the State Farm policy. However, State Farm is not a party to this action.
The joinder of parties needed for a just adjudication is addressed in LSA-C.C.P. art. 641, which provides as follows:[3]
A person shall be joined as a party in the action when either:
(1) In his absence complete relief cannot be accorded among those already parties.
(2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:
(a) As a practical matter, impair or impede his ability to protect that interest.
(b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.
The failure to join a party to an action may be pleaded in the peremptory exception or may be noticed by the trial or appellate court on its own motion. LSA-C.C.P. art. 645. See West v. East Town & Country Drainage District, 26,538, p. 6 (La.App. 2nd Cir. 3/1/95), 651 So.2d 907, 910. See also State Department of Social Services Office of Family Support v. Norris, 26,831, p. 2 (La.App. 2nd Cir. 12/7/94), 648 So.2d 9,11.
In the instant case, the joint pre-trial stipulation submitted by the Dardars and Prudential reveals that the Dardars released State Farm, but that such dismissal was conditioned upon the assumption that the UM limits under the State Farm policy were $100,000.00. Moreover, the joint stipulation notes that the Dardars reserved their rights to proceed against State Farm if the limits were found to be greater than $100,000.00.
| eAfter reviewing the record in its entirety, it is clear that, in State Farm’s absence, complete relief cannot be accorded among the Dardars and Prudential. Moreover, one of the main issues presented in this appeal is the validity of the State Farm UM selection/rejection form. State Farm clearly claims an interest relating to the subject matter of this action and is so situated that the adjudication of the action in its absence may (1) impair or impede its ability to protect that interest or (2) leave plaintiff subject to a substantial risk of incurring inconsistent verdicts.
*302 As a result, we find that a just and complete adjudication of the issue of the validity of the State Farm UM selection/rejection form cannot be made without the joinder of State Farm. Therefore, the judgment of the trial court is vacated, and the matter is remanded to the trial court to permit the Dar-dars an opportunity to amend their petition so as to make State Farm a party to this suit.

CONCLUSION

For the above reasons, the trial court judgment is vacated, and the matter is remanded to the trial court for further proceedings consistent with the views expressed herein. Costs of this appeal are to await a final determination on the merits.
JUDGMENT VACATED, AND CASE REMANDED WITH INSTRUCTIONS.

. The documents specifically included were the following: State Farm’s selection of lower UM limits form, the deposition of Master Electric representatives, Prudential’s liability and UM policies, affidavit of James Roberts, State Farm’s policy, and page 14 of Dardar’s original deposition.

. LSA-C.C.P. arts. 641 and 642 were amended by Acts 1995, No. 662, § 1. The amended version of the articles replaces the formal classification of parties as necessary or indispensable based solely on the interests of the party to be joined.