YELVERTON, Judge.
This is an appeal from a judgment rescinding and setting aside a previously rendered ex parte judgment of possession in a succession. We affirm.
The district court signed a judgment of possession on June 18, 1981, on the ex parte application of 20 heirs of the deceased Maurice Richard. The petitioners alleged that the succession was relatively free of debt, that an administration was unnecessary, and that they accepted the succession. The 20 petitioning heirs asked that they be placed in possession along with eight non-petitioning and non-accepting additional heirs in the proportions of their respective interests. The names of the 20 petitioning parties and of the eight non-petitioning alleged heirs are given in footnote one below.[1]
The judgment of possession was signed recognizing all 28 heirs as owners, in the pleaded proportions of their respective interests, of certain immovable property described in the succession proceedings as the community one-half interest of the deceased, Maurice Richard.
Alfred Richard, Appellee, one of the eight heirs who had not joined in the petition for possession and who had not accepted the succession, was not notified of the filing of the petition nor was he ever served with a copy of the judgment of possession. Upon his chance discovery that the judgment of possession had been signed, he filed a motion for a new trial.
The underlying basis for the motion for a new trial was the serious question of whether the property was owned by the succession of Maurice Richard, who was Alfred Richard’s grandfather, or owned by the succession of the father, not the grandfather, of Alfred Richard. A resolution of this question would, of course, substantially affect the distribution of ownership among the various parties.
The minutes of court reflect that a new trial was granted for the restricted purposes of reargument “and showing prejudice to Alfred Richard or necessity for further Estate proceedings.” The limited new trial was set down for hearing and in due course it was heard, following which the trial court withdrew and rescinded the earlier judgment of possession, thus in effect returning matters to the status existing before the judgment of possession was signed. In written reasons for judgment following the new trial, the district court said:
“Because of nonjoinder of all of the heirs, I am unable (see C.C.P. Article 641) to render the type of decision that it' seems the parties wish, that is, one decreeing title to land. Even if I could make such a decree, it would not be wise to do so from the standpoint of judicial economy or proper framing of the issues for fairness to parties. This latter is because there are consequential questions of present possession and possibly prescription which *1161 are not properly developed in pleading, evidence and brief.
“Hence, I rule only that the Judgment of Possession signed by me upon an ex parte proceeding was unauthorized and should be withdrawn and rescinded, all without prejudice to any of the rights of the petitioners and with full reservation of their rights to file any appropriate action including but not limited to a real action or a functional equivalent thereto including a proceeding to be placed in possession contradictory with all other heirs of the decedent.”
The appellants are the 20 petitioners whose judgment of possession has now been withdrawn and rescinded. They assign as error on appeal the trial court’s action recalling and rescinding the judgment of possession. Two arguments are presented to support this assignment of error.
Appellants’ first argument is that a court has the discretion under LSA-C.C.P. art. 3004 to render and sign a judgment of possession without an administration when not all of the heirs accept the succession unconditionally.
Our response to that argument is, while it is true that this article confers discretionary power on the court to send heirs and the surviving spouse into possession in cases in which not all of the heirs are competent, it is essential, under the succeeding C.C.P. article 3005 that the petition of the heirs for possession shall include allegations as to the competency of the petitioners and the incompetency of the other heirs named in the petition, as well as all other facts on which the jurisdiction of the court is based. Furthermore, C.C.P. article 3001 states in relevant part:
“The heirs of an intestate shall be recognized by the court, and sent into possession of his property without an adminis-tratioo of the succession, on their ex parte petition, when all of the heirs are competent and accept the succession unconditionally, and the succession is relatively free of debt.”
There are no allegations of competency or incompetency in the instant petition for possession. Since there is no allegation that any of the heirs are incompetent, it was a necessary prerequisite to dispensing with the administration and placing the heirs in possession that all of the competent heirs accept the succession unconditionally. Succession of Sharbino v. Administration, 285 So.2d 545 (La.App. 3rd Cir.1973). These requirements were not met in the instant case.
As was stated by the court in David v. David, 347 So.2d 885 (La.App. 3rd Cir.1977):
Under art. 1972(1), a judgment clearly contrary to the law and the evidence entitles an aggrieved party to a new trial. An ex parte judgment of possession has, like all other judgments, certain requirements which must be met. LSA-C.C.P. art. 3061. The court under the law must examine the petition for possession and the record of the proceedings to determine that petitioners are entitled to the relief prayed for and that all taxes have been paid. The court “tries” these questions just as if witnesses were called and testimony taken in open court. A judgment not complying with these requirements of law is erroneous, contrary to the law and the evidence, and a new trial is mandated.
Thd trial court was correct in recalling and setting aside the judgment of possession following the limited new trial and on a showing that at least one of the competent heirs did not accept the succession unconditionally.
Appellants’ second argument is that the trial court should have decided the underlying question of ownership of the property involved in the succession. The reasons for judgment given by the trial court and quoted above fully explain why thife question was not reached. Moreover, the only issue which the present state of the pleadings presented to the district court was the validity or not of its judgment of possession, and that was the precise issue for the consideration of which the new trial was granted. The trial court has done all that it could do, which was recall the im *1162 providently rendered judgment of possession. The succession is still open on the records in St. Landry Parish. It is now up to the heirs to file appropriate pleadings and frame the issues for an orderly disposition of these proceedings.
For the reasons assigned, the judgment of the district court is affirmed. Appellants are to pay costs of this appeal.
AFFIRMED.

. The 20 petitioning parties were: Amy R. Du-gas, Rena Richard Hebert, Sharon V. Scott, Wayne M. Venable, Russell Mier, Gussie Hernandez Guilbeau, Bonnie V. 'Lyons, Edesse M. Leger, Dewey Venable, Eva W. Green, Norma Higginbotham, Dallas Camel, Marius Camel, Agnes V. Hukins, James L. Venable, John L. Venable, Enic Richard, Maurice Venable, Lindsey Camel, and Barbara V. Clark. The eight non-petitioning and non-accepting decreed heirs were Alfred Richard, George Richard, Carol Richard, Paul Richard, Ellis Richard, Freddie Richard, Norwood Richard, and Willard Richard.