499 So.2d 525 (1986)
Daisy BRADFORD, et al., Plaintiffs-Appellees,
v.
Gertha Mae THOMAS, Defendant-Appellant.
No. 18204-CA.
Court of Appeal of Louisiana, Second Circuit.
December 3, 1986.
Rehearing Denied January 15, 1987.
Writ Denied March 20, 1987.
*526 Culpepper, Teat, Caldwell & Avery by Bobby L. Culpepper, Jonesboro, for defendant-appellant.
Sir Clyde Lain, II, Monroe, for plaintiffsappellees.
Before MARVIN, FRED W. JONES, Jr., and CULPEPPER, ad hoc, JJ.
MARVIN, Judge.
Defendant appeals a default judgment in favor of her sisters annulling a judgment that placed defendant, as universal legatee under the will of the deceased brother of the litigants, in possession of his estate. This action of nullity was instituted after a preliminary judgment in the probate proceedings had nullified the decedent's will because it was defective in form. A later judgment in the probate proceedings that nullified decedent's will has not been appealed.
The issue in this appeal is whether plaintiffs met their burden of proving that the judgment placing defendant in possession of the decedent's estate was obtained by "ill practices" under CCP Art. 2004.
We also resolve, on our own notice under CCP Art. 927, the peremptory exceptions of no cause and of no right of action which defendant filed in the trial court after she appealed and the trial court was divested of jurisdiction to hear them. CCP Art. 2088.
We find no merit in defendant's contentions and affirm the judgment.
About three weeks after decedent's will was probated by defendant, her sisters petitioned on November 9, 1984, in the probate proceedings to have the will annulled. After this petition had been filed, defendant's attorney presented to the court, with supporting documents and affidavits, a petition to place defendant in possession as the universal legatee under the will. The defendant's attorney did not present the entire record of the succession proceeding or relate to the court that plaintiffs' petition to nullify the will had been filed. The judgment of possession is dated November 10, 1984. The petition for, and the judgment of, possession were not filed in the succession proceedings until December 10, 1984.
While the validity of the will was being litigated on the probate docket, plaintiffs filed their direct action to annul the November 10, 1984, judgment of possession on June 3, 1985. Plaintiffs' petition alleged that the judgment was obtained ex parte and without defendant or her attorney informing the court that the plaintiffs had filed their petition in the succession proceedings to nullify decedent's will. Defendant did not answer her sisters' direct action to annul the judgment. A default was entered and on September 5, 1985, was *527 confirmed and reduced to a signed judgment.
Evidence at the confirmation hearing which supports the judgment includes the entire succession proceeding and the stipulation of defendant's attorney that he obtained the judgment of possession without presenting the entire succession record to the court.
Defendant argues that she was not required by any provision of the law to present the entire succession record to the court to obtain a judgment of possession. She overlooks, however, CCP Art. 3061, which in part states:
The court shall render and sign immediately a judgment of possession if it finds from an examination of the petition for possession, and from the record of the proceeding, that petitioners are entitled to the relief prayed for ... (Emphasis added.)
Even should the law be silent as to the above obligation which is statutorily implied, we deem it unconscionable and inequitable to uphold an ex parte judgment of possession in favor of one whose rights to possess were under formal attack in the succession proceedings. Compare Succession of Hearn, 412 So.2d 692 (La.App. 2d Cir.1982), writ denied; West v. Gajdzik, 425 So.2d 263 (La.App. 3d Cir.1982), writ denied; and David v. David, 347 So.2d 885 (La.App. 3d Cir.1977).
A judgment may be annulled where its enforcement would be unconscionable and inequitable and in impairment of one's legal right, even if no actual fraud or intentional wrongdoing is found. Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983). The probate court could not have found that defendant was entitled to be placed in possession if that court had known that the will, under which defendant sought possession, was under attack. A judgment of possession is mandated by Art. 3061 only when the court finds that the petitioner is entitled to the judgment from an examination of the petition and from the record of the proceeding.
The petition for possession, which was presented to the court by her attorney, alone, did not legally entitle defendant to possession. The record of the decedent's probate-succession proceedings would not have legally entitled defendant to possession. CCP Art. 3061 requires that both the petition and the record entitle a petitioner to possession.
We find no merit in defendant's contention that the petition to annul the judgment does not allege any grounds upon which a judgment may be annulled under CCP Art. 2004. An equally non-meritorious contention is made that plaintiffs' pleadings do not show their right or capacity to assert the nullity. Plaintiffs' capacity could have been shown by evidence, either in response to a timely-filed exception of no right of action or at a trial. CCP Art. 931. Defendant was the substantive source of her brother's succession proceedings, the record of which included defendant's deposition. That record, introduced upon confirmation of the default, clearly shows that plaintiffs are three of decedent's sisters or collateral heirs and were not primed by any other class of heirs entitled to inherit from their brother under the law of intestate succession. See West, supra; David, supra; and Succession of Donellan, 310 So.2d 143 (La.App. 4th Cir.1975).
At defendant's cost, the judgment of nullity is AFFIRMED.