567 So.2d 751 (1990)
In re SUCCESSION OF Nero BRADFORD.
Gertha Mae THOMAS, Appellant,
v.
Daisy BRADFORD, Pernellow Bradley and Bertha Anderson, Appellees.
No. 21775-CA.
Court of Appeal of Louisiana, Second Circuit.
September 26, 1990.
*752 Sir Clyde Lain, II, Monroe, for appellees Daisy Bradford, Pernellow Bradley and Bertha Anderson.
Bobby L. Culpepper, Jonesboro, for appellant Gertha Mae Bradford Thomas.
Before NORRIS, LINDSAY and HIGHTOWER, JJ.
LINDSAY, Judge.
This succession dispute is before this court for the third time. One of the decedent's four sisters appeals from a judgment of possession placing all of the sisters in possession of the decedent's estate. She demands an administration of the succession and contends that the trial court had no authority to compel her to either renounce or accept the succession.

FACTS
The decedent, Nero Bradford, died on August 12, 1984. He was survived by four sisters, who are the litigants in these proceedings. Three of these sisters, Daisy Bradford, Pernellow Bradley, and Bertha Anderson, (who are hereinafter referred to as "the other sisters") seek to be put in possession of the estate without the necessity of an administration. The fourth sister, Gertha Mae Thomas, has been embroiled in various disputes with her sisters over this estate.
Initially, Mrs. Thomas was named as the universal legatee in the decedent's statutory will. However, the other sisters successfully challenged this will, and it was declared null and void in November of 1985. While the action to annul the will was pending, Mrs. Thomas' attorney obtained a judgment of possession, placing her in possession of the entire estate as the universal legatee, without informing the court that the validity of the will was being litigated. In Bradford v. Thomas, 499 So.2d 525 (La.App. 2d Cir.1986), writ denied 503 So.2d 480 (La.1987), this court held that the judgment of possession in Mrs. Thomas' favor was properly annulled because of her failure to inform the court of the dispute concerning the will's validity.
In May of 1986, the other sisters filed a petition for possession, seeking to be placed in possession of their portion of the succession. Pursuant to that petition, the trial court signed a judgment of possession placing them in possession of their three-fourths interest in the estate. Mrs. Thomas was successful in having this judgment of possession annulled because she was not a party to the petition for possession.
Subsequently, the other sisters filed another petition, in which they sought an order compelling Mrs. Thomas to accept or renounce her interest in the succession. On March 10, 1988, the trial court signed an order directing Mrs. Thomas to accept or renounce the succession within 30 days from the date of the order. Pursuant to the order, Mrs. Thomas accepted the succession, "with benefit of inventory, and in accordance with the last will and testament of Nero Bradford." However, even though she had complied with the court's order, Mrs. Thomas appealed from this order. The other sisters answered the appeal, claiming damages for frivolous appeal.
On November 17, 1988, after the appeal had been lodged in this court, we noted a possible lack of an appealable judgment and ordered Mrs. Thomas to show cause why the appeal should not be dismissed. Mrs. Thomas did not respond to the court's order, and her appeal was dismissed on December 21, 1988. However, the demands of the other sisters for damages for frivolous appeal remained an issue to be litigated before this court. We found that the appeal lodged by Mrs. Thomas presented an arguably substantial legal question and was therefore not frivolous. On this basis, the frivolous appeal demands were denied. See In re Succession of Bradford, 550 So.2d 678 (La.App. 2d Cir.1989).
Subsequent to the rendition of judgment in that appeal, the other sisters filed another petition for possession on September 5, 1989. In their petition they asserted that all the heirs accepted the succession, including Mrs. Thomas. (This petition made no reference to Mrs. Thomas' compliance with the previous court order and that she had formally accepted the succession with *753 benefit of inventory.) A judgment of possession was signed that same day, placing the other sisters in possession of three-fourths of the estate. Mrs. Thomas was placed in possession of one-fourth of the estate.
On October 2, 1989, Mrs. Thomas filed a "petition for new trial and/or petition to vacate judgment of possession." She asserted that the need for administration had not been dispensed with because she had not accepted the succession unconditionally. She contended that there is no basis for an order directing her to accept or renounce the succession. She further asserted that the sole remedy of the other sisters was to follow LSA-C.C.P. Art. 3394, which requires the succession representative to place the amount owed to an heir unwilling to accept in a bank or court registry.
Mrs. Thomas also claimed that the record showed that Mr. Sir Clyde Lain, counsel for the other sisters, had acquired an interest in the succession, and that Mrs. Thomas had acquired the succession interest of Pernellow Bradley. Therefore, Mrs. Thomas contended the judgment of possession erroneously set forth the ownership interests of the various heirs. Accordingly, she claimed the judgment should be vacated and set aside.
On November 15, 1989, the motion was denied. On November 17, 1989, Mrs. Thomas appealed.
In the present appeal, Mrs. Thomas reasserts the grounds urged in the trial court, which were outlined in her petition for new trial and/or petition to vacate the judgment of possession. Specifically, she assigns as error the following: (1) the trial court erred in signing an ex parte judgment placing all of the sisters in possession of their brother's succession and dispensing with an administration of the estate; and (2) the trial court erred in ordering Mrs. Thomas to accept or renounce the succession within 30 days.
On December 22, 1989, the other sisters answered the appeal asserting that Mrs. Thomas' sole reason for appeal was to delay their acquisition of succession assets. (The record demonstrates that Mrs. Thomas withdrew all the funds in the succession pursuant to the first judgment of possession and that these funds are being held by her attorney.) The other sisters seek damages for frivolous appeal, attorney fees, and court costs.[1]

Ex Parte Judgment of Possession
Mrs. Thomas contends that the trial court erred in signing the ex parte judgment of possession, dispensing with an administration and placing all four of the sisters in possession of Mr. Bradford's succession. We find merit in this argument.
The relevant articles of the Code of Civil Procedure pertaining to acceptance of successions without administration provide, in pertinent part, as follows:
Art. 3001.
The heirs of an intestate shall be recognized by the court, and sent into possession of his property without an administration of the succession, on their ex parte petition, when all of the heirs are competent and accept the succession unconditionally, and the succession is relatively free of debt. A succession shall be deemed relatively free of debt when its only debts are succession charges, mortgages not in arrears, and debts which are small in comparison with the assets of the succession....
Art. 3004.
The heirs of an intestate may be recognized by the court, and sent into possession of his property without an administration of his succession when none of the creditors of the succession has demanded its administration, on the ex parte petition of:

(1) Those of the heirs who are competent, if all of these accept the succession unconditionally; .... [Emphasis ours]
*754 In order to dispense with an administration and place the heirs in possession, the petition must allege, as a necessary prerequisite, that all of the competent heirs accept the succession unconditionally. Succession of Houssiere, 146 So.2d 483 (La.App. 3rd Cir.1962), writ refused (La.1963); Succession of Sharbino v. Administration, 285 So.2d 545 (La.App. 3rd Cir.1973), application to certify question to Supreme Court denied 292 So.2d 248 (La. App. 3rd Cir.1974), writ not considered 294 So.2d 546 (La.1974); Succession of Richard, 432 So.2d 1159 (La.App. 3rd Cir.1983); Succession of Lewis, 440 So.2d 899 (La. App. 2d Cir.1983), writ denied 443 So.2d 1119 (La.1984).
The petition for possession filed by the other sisters on September 5, 1989, alleged that the three petitioners were of legal age and accepted the succession unconditionally. They also alleged that the succession was "free from debt."[2] They further alleged that Mrs. Thomas "formally accepted this succession." However, they did not allege, and it was not a fact, that Mrs. Thomas accepted unconditionally.
Examination of Mrs. Thomas' response to the trial court's order to accept or renounce the succession reveals that she did not accept unconditionally. To the contrary, she accepted the succession "with benefit of inventory, and in accordance with the last will and testament of Nero Bradford." (See LSA-C.C. Arts. 877-879 which define unconditional and beneficiary successors.)
The other sisters argue that the trial court had discretionary powers which permitted it to sign a judgment of possession placing all the sisters into possession without an administration. However, this specific argument was refuted in Succession of Richard, supra. The court's discretionary powers under Art. 3004 are limited. An ex parte judgment of possession has certain requirements which must be met. The judgment of possession does not comply with the provisions of Art. 3001 and 3004 because all of the competent heirs did not accept unconditionally. The other sisters' remedy lies in an administration of this succession and an ultimate distribution of its assets pursuant to LSA-C.C.P. Art. 3394, as discussed hereafter. Consequently, the judgment of possession must be reversed and set aside.

Compelling Heir to Accept or Renounce
Mrs. Thomas further argues that the trial court erred in ordering her to accept or renounce the succession. We also find merit in this assignment of error, which serves as an additional reason for setting aside the judgment of possession.
LSA-C.C. Art. 1036 allows "any creditor of the deceased" to require the heirs to accept or renounce the succession.[3] C.C. Art. 1055 permits "the creditors and legatees of the succession" to compel the heir to accept or renounce the succession.[4] "Legatees" are defined in LSA-C.C. Art. 876 as "[t]estate successors." The other sisters are not creditors or legatees. There is no codal or statutory authority which allows an heir to compel another heir to accept or renounce the succession.
*755 Our examination of Louisiana law leads us to conclude that the sole remedy of heirs against an uncooperative co-heir is provided in LSA-C.C.P. Arts. 3394 and 3395.[5] Article 3394 dictates that the succession representative may, as a prelude to his discharge at the conclusion of the administration, and pursuant to court order, deposit an uncooperative heir's portion of the succession funds in a bank or the registry of the court. Art. 3395 provides that the court may direct the succession representative as to the disposition of corporeal movable succession property in like circumstances.
Consequently, we find that the trial court's order compelling Mrs. Thomas to accept or renounce the succession was unfounded in law. As a result, Mrs. Thomas' response is not binding.

FRIVOLOUS APPEAL
The other sisters answered the appeal, claiming damages for frivolous appeal under LSA-C.C.P. Art. 2164. Inasmuch as we have found merit in Mrs. Thomas' contentions, this claim is denied.

CONCLUSION
The judgment of possession is reversed and set aside. This case is hereby remanded to the trial court for further proceedings consistent with this opinion which will hopefully bring this extensively litigated succession to its final resolution. If all of the heirs are unable to amicably agree upon the resolution of this matter, they must proceed to an administration of the succession in accordance with law.
The appellees' claim for damages for frivolous appeal is denied. Costs are assessed against appellees.
JUDGMENT OF POSSESSION REVERSED; DAMAGES FOR FRIVOLOUS APPEAL DENIED.
NOTES
[1] In support of their claim that this is a frivolous appeal, the other sisters attached to their answer a copy of a letter from Mrs. Thomas' counsel, Mr. Bobby L. Culpepper, in which he stated: "My client has told me to fight this matter until hell freezes over."
[2] The succession may be relatively free of debt. However, we note that in 1986, Mrs. Thomas opposed a judgment of possession claiming, among other things, that she was entitled to recover at least $5,000 for services she rendered the deceased and his wife prior to their deaths.
[3] Art. 1036. In all cases, in which a succession is opened, and the presumptive heirs, who are present or represented, do not take the necessary measures to cause the seals to be affixed to, and an inventory made of the effects of the succession, any creditor of the deceased has the right, ten days after the opening of the succession, to cite the heirs before the judge of the place in which it is opened, in order to oblige them to declare whether they accept or renounce the succession. [Emphasis ours]
[4] Art. 1055. At the expiration of the term for deliberating, the creditors and legatees of the succession can compel the heir to decide whether he accepts or rejects the succession, and they shall present a petition to this effect to the judge of the place where the succession is opened, who shall cause the beneficiary heir to be cited to answer thereto. [Emphasis ours]
[5] Art. 3394. When an heir or creditor is unwilling or unable to accept and receipt for the amount due him, on contradictory motion against the heir or creditor the court may order that the succession representative deposit in a state or national bank or in the registry of the court to the credit of the person entitled thereto the amount due him.

A receipt showing the deposit shall be sufficient in the discharge of the succession representative to the same extent as though distribution to the person entitled thereto had been made. [Emphasis ours]
Art. 3395. If the succession representative has in his possession corporeal movable property the delivery of which an heir, legatee, or creditor is unwilling or unable to accept and receipt for, the succession representative may make such disposition thereof as the court may direct. [Emphasis ours]