liPER CURIAM.
Granted. The judgment of the court of appeal is reversed.
This relatively small succession has been in litigation since decedent’s death in 1984 and reported no less than four times. The record reveals that the decedent, Nero Bradford died testate on August 8, 1984. He was survived by four sisters, Gertie Mae Thomas, Daisy Bradford, Pernellow Bradley and Bertha Anderson. In decedent’s will, Gertie Mae Thomas was named the universal legatee, however the will was challenged and declared null and void. See Succession of Bradford, 567 So.2d 751 (La.App. 2 Cir.1990).
Ms. Gertie Mae Thomas through her attorney, Bobby Culpepper, obtained a judgment of possession which placed her in possession of the entire estate. Bank funds were withdrawn and apparently were held in trust at Culpepper’s office back in 1985. Then in 1993, responding to a Rule to Show Cause, Culpepper informed the parties that he did not have the funds, but that after taxes and court costs were paid, he gave the remaining funds to Ms. Thomas, at her insistence.
Ms. Thomas’ judgment of possession was annulled after the trial court resolved the dispute as to the will’s validity. Thereafter, the remaining sisters were placed in possession of a ¾ interest. This too was later challenged and annulled.
In an effort to bring this “extensively litigated succession to its final resolution” the appellate court ordered “If all of the heirs are unable to amicably agree upon the resolution of this matter, they must proceed to an administration of the succession in accordance with law”. | -¿Bradford, at 755. Eventually, Louis R. Bradley, CPA, son of Pernellow Bradley, was appointed as administrator. He was the nominate of Daisy Bradford, Bertha Anderson and Pernellow Bradley. Pursuant to his petition for appointment, Louis R. Bradley was appointed by court order on November 9, 1993. Letters of administration were issued on November 22, 1993. Additionally, in February, 1994 there was a Judgment authorizing a mineral lease, as well as one authorizing the sale of immovable property that was sold to Mr. and Mrs. Horace C. Loyd.
This appointment was challenged by Gertie Mae Thomas. Thereafter, Mr. Bradley was dismissed and the sale of the immovable property was declared invalid. On appeal, the second circuit concluded that under the language of LSA—C.C.P. article 3097(B), the term “heir” in its singular form is guided by the rules of construction outlined in LSA—C.C.P. article 5055 and applies to the plural. The court affirmed the dismissal and invalidation of the sale because all of the heirs did not agree as to Mr. Bradley’s appointment.
It is apparent from the facts that the parties involved are unable to reach an amicable resolution, therefore judicial economy mandates that this matter be brought to an end. The problem is that under the conclusions reached by the lower courts, all parties must agree before an administrator is appointed, thus requiring unanimity. To interpret LSA—C.C.P. article 3097 as requiring unanimous consent of the heirs is error.
Moreover, subpart (B) of article 3097 allows the nominee of an heir to be appointed administrator. If one of the heirs opposes the appointment, an opposition can be filed pursuant to LSA—C.C.P. article 3095. Had Ms. Thomas sought to be appointed as ad-ministratrix when Mr. Bradley sought the appointment, she would have been afforded a hearing pursuant to LSA—C.C.P. article 3098 to establish the priority of appointment. She neither opposed his appointment, nor did she seek the appointment herself. Therefore, *395 this belated attempt to have Mr. Bradley removed and the sale of the succession property annulled should have been rejected.
For these reasons, we conclude that the requirements of LSA-C.C.P. article 3097 were satisfied with the appointment of Mr. Bradley. He is hereby reinstated and the reversal of his actions, as administrator, is set aside. This matter is hereby remanded to the trial court for further proceedings so that this case can finally be concluded.