700 So.2d 1030 (1997)
ESTATE OF Nero BRADFORD, Plaintiff-Appellant,
v.
Gertha Mae THOMAS, et al., Defendant-Appellee.
No. 29807-CA.
Court of Appeal of Louisiana, Second Circuit.
September 24, 1997.
*1031 Sir Clyde Lain, II, Monroe, for Plaintiff-Appellant.
Wright & Underwood by Patrick H. Wright, Jr., Monroe, for Defendant-Appellee.
Before NORRIS, WILLIAMS and CARAWAY, JJ.
NORRIS, Judge.
The plaintiff, Louis R. Bradley, as administrator of the succession of Nero Bradford, appeals the judgment that sustained defendant Gertha Mae Thomas's peremptory exception of no right of action on the grounds that the court appointing Bradley as administrator lacked jurisdiction. For the reasons expressed, we reverse and remand.

Facts/Procedural History
Nero Bradford ("decedent") died testate in 1984 and was survived by four sisters, one of whom is Ms. Thomas. His will designated Ms. Thomas as his universal legatee and Kelly Barnes as succession administrator. The succession was opened in Jackson Parish, and subsequently, the testament was challenged by decedent's other sisters. While the action to annul the will was pending, Ms. Thomas petitioned the court to have herself placed in full possession of the estate as universal legatee in accordance with the will. Ms. Thomas did not relate to the court that the will was presently being attacked, and eventually obtained a judgment of possession which was, however, ultimately annulled. See, Bradford v. Thomas, 499 So.2d 525 (La.App. 2d Cir.1986), writ denied, 503 So.2d 480 (La.1987). Subsequently, the will itself was declared null for want of form. Thus, decedent's succession fell intestate.[1]
*1032 Nevertheless, it appears from the record, that Ms. Thomas, acting alone and in proper person, purportedly opened another succession for the decedent in Bienville Parish in June of 1990. Although decedent's testament had been declared null, Barnes, listing himself as administrator, executed a "transfer deed" conveying decedent's immovable property located in Bienville Parish to Ms. Thomas on December 12, 1990.[2] This transfer deed was filed in the conveyance records of the clerk of court's office in Bienville Parish the same day.
Subsequently, in 1993, decedent's other heirs, not including Ms. Thomas, nominated Bradley as administrator of the succession. The Jackson Parish court appointed him administrator, and subsequently authorized a private sale of decedent's immovable property. Pursuant to that order, Bradley sold the immovable property to Horace and Ora Loyd ("the Loyds") in 1994. This act of sale was filed in the conveyance records of the clerk of court's office in Bienville Parish.
However, the 1990 transfer acted as a cloud on the Loyds' title to the property. Therefore, in 1996 Bradley, in his capacity as administrator in an effort to clear title to the property that he had conveyed, filed the instant rule to show cause [3] in Bienville Parish against Ms. Thomas[4] to show why the 1990 transfer deed should not be stricken from the conveyance records. Bradley notified the district court that decedent's testament had been declared null in the Jackson Parish proceedings before the 1990 transfer. Bradley contended that because the testament, designating Barnes as administrator and Ms. Thomas as universal legatee, was declared null, Barnes had no authority to act as administrator and transfer the property to Ms. Thomas.
Ms. Thomas, in response, filed the instant exception no right of action. Citing La. C.C.P. Art. 2811,[5] Ms. Thomas alleged that decedent was domiciled in Bienville Parish at the time of his death, and thus, the Jackson Parish court lacked subject matter jurisdiction over the succession. At the trial of the exception, Ms. Thomas introduced a credit deed showing that the decedent bought immovable property in Bienville Parish in 1932; the 1990 transfer deed and the tax certification from the Bienville Parish tax assessor; and the 1994 act of sale with the Jackson Parish court order authorizing the sale. The transcript indicates that she also filed a copy of the record of the "Succession of Nero Bradford" that was opened in Bienville Parish in 1990, although this record consists of only three pages. Finally, Ms. Thomas testified that decedent built a house on the immovable property and lived in it until his death. Ms. Thomas therefore contended that all orders and appointments issued from Jackson Parish, including Bradley's appointment as administrator, were absolutely null due to a lack of subject matter jurisdiction[6] and therefore, Bradley had no right of action to sue on behalf of the succession.
Bradley introduced a copy of the Louisiana Supreme Court's per curiam opinion in Succession of Nero Bradford, 95-1884 (La.12/28/95), 664 So.2d 393, and a copy of this court's opinion in Bradford v. Thomas, *1033 499 So.2d 525 (La.App. 2d Cir.1986).[7] Because of our decision today, we need not address the impact of these documents.
Based on the evidence adduced at the trial of the exception, the court found that the decedent was a resident[8] of Bienville Parish at the time of his death. The Bienville Parish district court sustained the exception and dismissed Bradley's suit. Bradley appeals urging that the district court erred in sustaining the exception of no right of action. We are unable at this time to consider the merits of this argument. We notice, on our motion, that parties needed for just adjudication have not been joined.

Discussion
Ms. Thomas does not argue whether Bradley was in fact appointed as administrator or whether the instant action is of the variety contemplated by La. C.C.P. art. 685 for a succession representative to enforce. Both by the text of her exception and the argument in the district court and on appeal, it is apparent that the thrust of Ms. Thomas's position was to allege that the judgment appointing Bradley as administrator, as well as all other judgments and orders issued from Jackson Parish, were absolute nullities based on a lack of subject matter jurisdiction. See, Succession of Guitar, supra. In her exception, she prays for a judgment declaring the appointment of Bradley to be "null and void," and that the Bienville Parish court be recognized as the court with subject matter jurisdiction. At the trial of the exception, Ms. Thomas offered no evidence addressing Bradley's right or interest in the action to clear title. Instead, she primarily offered evidence as to decedent's domicile. In addition, the District Court's reasons for judgment state that "Jackson Parish would not therefore have jurisdiction and any judgment or orders emanating therefrom would be a nullity." Therefore, the trial of the matter at the district court was in fact a nullity action styled as an exception of no right of action. Raising an absolute nullity by means of an exception is permitted under our jurisprudence. Standard Mach. Co. v. Melancon-Bourgeois Lumber Co., 60 So.2d 238 (La. App. 1st Cir.1952); Andrews v. Sheehy, 122 La. 464 (1908), 47 So. 771; Cf., Bryant v. Pierson, 583 So.2d 97 (La.App. 3d Cir.1991). Furthermore, an absolutely null judgment may be attacked collaterally, in any court, and at any time. La. C.C.P. 2002; Roach v. Pearl, 95-1573 (La.App. 1st Cir. 5/10/96), 673 So.2d 691.
Maintaining the exception would immediately result in nullifying the appointment of Bradley. However, the overall effect of sustaining the exception could effectively erase nearly 13 years of litigation, judgments and orders originating from Jackson Parish involving this minuscule estate. See, supra n. 5.
The joinder of parties needed for just adjudication is addressed in La. C.C.P. art. 641,[9] which provides that:
A person shall be joined as a party in the action when either:
(1) In his absence complete relief cannot be accorded among those already parties.
(2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:
(a) As a practical matter, impair or impede his ability to protect that interest,
(b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.
The failure to join a party under La. C.C.P. art. 641 and 642 may be noticed by an *1034 appellate court on its own motion. La. C.C.P. arts. 645 and 927; State Dept. of Social Services v. Norris, 26, 831 (La.App.2d Cir. 12/7/94), 648 So.2d 9.
In the instant action, the consequence of maintaining this exception would be to deprive decedent's other sisters of their intestate inheritance rights and the Loyds of their property. These persons would likely pursue duplicate litigation in which res judicata could be an issue. However, none of these persons[10] were parties to the nullity action.
Decedent's other sisters are parties needed for just adjudication. They are intestate heirs. Nullifying Bradley's appointment could ultimately strike down the judgment declaring the decedent's will as null for want of form. Therefore, the rights of decedent's other sisters as intestate heirs, would be expunged which could result in depriving them of ownership of succession property. Thus, they are parties needed for just adjudication. See, Succession of Burgess, 323 So.2d 914 (La.App. 4th Cir.1975), and Succession of Populus, supra; Blanchard v. Naquin, 428 So.2d 926 (La.App. 1st Cir.1983), writ denied, 433 So.2d 162.
Because the attack on the administrator appointment could directly affect the 1994 act of sale, the Loyds are parties needed for just adjudication. The judgment allowing Bradley to sell the property would be null, if it were deemed that Jackson Parish lacked subject matter jurisdiction, and thus, title to the immovable property that the Loyds acquired from Bradley would presumably be void. Adjudication without them would as a practical matter impair or impede their ability to protect their interest and subject the present parties to possibly multiple or inconsistent obligations. See, Stewart v. Williams, 572 So.2d 1085 (La.App. 1st Cir. 1990).
Therefore, to bring final resolution to this matter on remand, the entire record of all proceedings occurring in Jackson Parish, including the initial affidavit of death, domicile, and heirship should be filed into evidence. Furthermore, in adjudicating the nullity action, the trial court should take note of Ms. Thomas's actions in the Jackson Parish proceeding, and the proof presented regarding subject matter jurisdiction therein. Finally, the court should consider any applicable rules on nullity including whether there has been any acquiescence in judgment. See, La. C.C.P. art. 2003.

Conclusion
For the reasons expressed, the judgment sustaining the exception of no right of action is reversed and the case remanded for a determination by the trial court of all parties needed for just adjudication consistent with La. C.C.P. art. 641, and for further proceedings consistent with this opinion. Trial and appellate costs are assessed to appellee, Gertha Mae Thomas.
REVERSED AND REMANDED.
NOTES
[1] Furthermore, litigation involving this minuscule estate has thrived for nearly 13 years. See, 499 So.2d 525 (La.App.2d Cir.1986), writ denied, 503 So.2d 480 (La.1987); 550 So.2d 678 (La. App. 2d Cir.1989); 567 So.2d 751 (La.App. 2d Cir.1990); 27,123 (La.App.2d Cir. 6/21/95), 658 So.2d 248, 95-1884 (La.12/8/95), 664 So.2d 393.
[2] The parties do not dispute that the property is located in Bienville Parish.
[3] This rule to show cause was eventually amended due to a successful dilatory exception of unauthorized use of summary procedure.
[4] Kelly Barnes and Francis N. Joyner, Clerk of Court and ex-officio Notary Public were also named as defendants, but neither answered the amended rule to show cause nor the present appeal.
[5] Article 2811 states in relevant part that "[a] proceeding to open a succession shall be brought in the district court of the parish where the deceased was domiciled at the time of his death."

In proceedings to open successions, venue rules are treated as jurisdiction ratione materiae. Succession of Guitar, 197 So.2d 921 (La.App. 4th Cir.1967), citing Howell v. Kretz, 15 La.App. 454 (1930), 131 So. 204.
[6] Only the district court which sits in the parish of the decedent's domicile at the time of his death has jurisdiction to adjudicate succession matters. A decree of any other district court opening the succession, sending heirs into possession, or appointing an administrator is absolutely null. Taylor v. Williams, 162 La. 92 (1926), 110 So. 100.
[7] The opinions were admitted by the court subject to the introduction of all pleadings related to the opinions.
[8] The district court's reasons for judgment states "resident," whereas Article 2811 requires "domicile" to vest subject matter jurisdiction.
[9] La. Acts 1995 No. 662 amended La. C.C.P. arts. 641 and 642 by removing the terms "necessary" and "indispensable" parties, and inserting the concept of "joinder of parties needed for just adjudication." La. C.C.P. art. 641.

Under the revision, an analysis of the interest of the joined and non-joined parties with respect to the action is required to determine whether the action may proceed. Succession of Populus, 95, 1469 (La.App. 1st Cir. 2/23/96), 668 So.2d 747.
[10] From the judicial record, it appears that other third persons may have acquired an interest in the present succession. See, Succession of Bradford, 567 So.2d 751 (La.App. 2d Cir.1990).

Therefore, a hearing shall be held upon remand to determine the parties needed for just adjudication. If any of the intestate heir's interest has been completely assigned, then the assignor may not be a party needed for just adjudication. See, Robichaux v. Boutte, 492 So.2d 521 (La.App 3d Cir.1986), writ denied, 496 So.2d 352.