I, MARVIN, Chief Judge.
In this latest episode in a litigated succession that has been ongoing for over 14 years and reported no less than five times, the succession administrator appeals a judgment that dismissed his motion for sanctions and “affirmed” an earlier ruling which granted exceptions of no cause of action and no right of action.
We affirm.

SUCCESSION BACKGROUND

Nero Bradford died testate in 1984. He was survived by four sisters, Gertie Mae Thomas, Daisy Bradford, Pernellow Bradley and Bertha Anderson. Bradford’s statutory will named Thomas as the universal legatee. After Thomas opened the succession in Jackson Parish, the other sisters challenged the will. Despite this action to annul the will, Thomas, through her attorney, Bobby Cul-pepper, obtained a judgment of possession, which was eventually annulled. We affirmed the judgment of nullity in Bradford v. Thomas, 499 So.2d 525 (La.App. 2d Cir.1986), writ denied. Subsequent judgments placing three of the sisters in possession of 3/4 of the estate were also set aside. The will was declared null in 1985. See Succession of Bradford, 567 So.2d 751 (La.App. 2d Cir.1990).
Louis Bradley, son of Pernellow Bradley, was appointed as succession administrator in 1993. Bradley was dismissed when his appointment was challenged by Thomas. However, Bradley was reinstated as administrator in Succession of Bradford, 95-1884 (La.12/8/95), 664 So.2d 393. Thomas has now taken the position that Jackson Parish, where she opened the succession 14 years ago, lacks subject matter jurisdiction because decedent was domiciled in Bienville Parish at the time of his death. Estate of Bradford v. Thomas, 29,807 (La.App.2d Cir.9/24/97), 700 So.2d 1030.

¡¡FACTS

On March 6, 1996, Bradley filed a motion to obtain succession assets from Thomas and Culpepper. Bradley alleged that Culpepper obtained a judgment of possession and withdrew funds belonging to the succession from accounts at Jackson Parish Bank and Jones-boro State Bank. Bradley prayed that the trial court order Culpepper to deliver the funds he obtained from the banks and an insurance company, as well as pay the interest the funds would have earned by remaining in the bank.
Thomas and Culpepper filed an exception of improper use of summary proceedings in response to the motion. On his own behalf, Culpepper filed exceptions of res judicata, no right of action and no cause of action. On July 16, 1996, the trial court granted Culpep-per’s exceptions of no cause of action and no right of action. The trial court also ordered “Thomas and anyone acting on her behalf, including her attorney, Bobby Culpepper” to deliver succession assets to Bradley. The trial court was apparently unaware that on April 16, 1996, another judge had signed an order allowing Culpepper to withdraw as counsel of record for Thomas.
On September 10, 1996, Bradley filed a motion for contempt against Culpepper and Thomas and a motion for sanctions against Culpepper. Bradley alleged that no succession assets had been delivered to him. Bradley further alleged that Culpepper obtained a judgment of possession without showing the entire record to the judge, acquired succession funds by presenting this judgment of possession to Metropolitan Life Insurance Company, Jackson Parish State Bank and *573 Jonesboro State Bank, and represented to opposing counsel, the trial court and the Louisiana State Bar Association that the funds were being held in trust. _JjBradley requested that the trial court issue sanctions against Culpepper and render judgment to compensate the succession for the bank interest that was lost.
Culpepper filed exceptions of improper venue, improper use of summary proceedings, no cause of action, no right of action and res judicata. Culpepper also prayed for sanctions against Bradley’s attorney, Sir Clyde Lain, II. Thomas, represented by new counsel, filed exceptions of res judicata and no right of action. Before the hearing was held on Bradley’s motions, Culpepper filed additional exceptions of no cause of action and no right of action, alleging that he had settled any claims the succession had against him by tendering a check for $3,108.22 along with a receipt and release. The check was allegedly negotiated by Lain, but the receipt and release was never signed.
A hearing on the motions for contempt and sanctions was held on February 13, 1997. Discussing the motion for sanctions, the trial court stated that it had previously ruled on Culpepper’s involvement. Judgment was rendered on April 23, 1997. All prior rulings, including the sustaining of Culpepper’s exceptions of no cause of action and no right of action, were “affirmed and upheld.” The rule for sanctions against Culpepper was dismissed. Thomas was ordered to comply with the July 1996 judgment within 15 days or be sentenced to jail and fined. A motion for new trial was filed by Thomas on April 30, 1997. After the motion for new trial was denied in part on December 16, 1997, this appeal followed.

DISCUSSION

Bradley appeals the April 1997 judgment, arguing that the trial court erred in not imposing sanctions and not ordering Culpep-per to deliver the funds he obtained in 1985.
Bradley did not appeal the July 1996 judgment. While this judgment ordered Culpep-per, as someone acting on behalf of Thomas, to deliver succession ^property, he was no longer acting on behalf of Thomas when this judgment was signed. The July 1996 judgment also specifically addressed Culpepper’s personal liability in this matter, granting his exceptions of no cause of action and no right of action. Therefore, Culpepper could not be held in contempt for failing to deliver succession assets because there was nothing he was compelled to do under the judgment once he was no longer representing Thomas. The July 1996 judgment, not appealed by Bradley, precluded Bradley from attempting to raise this same issue again through his motion for contempt. The trial court did not err in “affirming” the sustaining of Culpep-per’s peremptory exceptions.
The same reasoning applies to the dismissal of the motion for sanctions. While Bradley did not caption his March 1996 motion to obtain succession assets as a motion for sanctions, he did seek to recover from Culpepper the bank interest the funds would have earned if the funds had remained in the bank. Bradley sought this same relief in his motion for sanctions, requesting that the trial court “issue sanction against Mr. Bobby L. Culpepper for his actions, and render judgment in a monetary amount to compensate the estate for the interest that was lost, and any other relieve [sic] which the court can impose.” Bradley was basically seeking through his motion for sanctions the same relief he was denied in the July 1996 judgment. The trial court correctly dismissed Bradley’s motion for sanctions.

DECREE

The judgment is AFFIRMED.