PITMAN, J.
Shelia Marie Anderson Miller ("Shelia"), sister of the decedent, Frank Anderson ("Decedent"), seeks review of the trial court's judgment that nullified the testament in which she had been appointed independent testamentary executrix, denied her exception of res judicata and recalled a judgment of possession previously rendered. She also appeals the trial court's failure to hold contradictory hearings on motions filed and her removal as administratrix without a contradictory hearing. For the following reasons, we affirm the judgment of the trial court.
FACTS
On February 4, 2017, Decedent died at the age of 45. On March 15, 2017, Shelia sought to probate a testament purportedly executed by him. The testament, dated January 11, 2013 ("2013 Testament"), directed that his estate be donated to Shelia and to his only two children he had at the time the testament was written. On July 21, 2017, the trial court signed a judgment of possession per the terms of the testament, and Shelia was appointed independent testamentary executrix of the estate.
On August 8, 2017, Sharetta Anderson ("Sharetta"), Decedent's wife, filed a petition to annul the probated testament and requested a temporary restraining order and preliminary injunction enjoining Shelia from disposing of any assets of the succession. Attached to Sharetta's petition was a purported testament by Decedent, dated February 2, 2016 ("2016 Testament"), which revoked any and all other previous testaments and directed that his estate be donated to Sharetta and his then three children, including his child with Sharetta, Frankayla Anderson. The trial court granted Sharetta's request for a temporary restraining order, and the 2016 Testament was examined by an expert who opined that the signature on the testament presented by her was a forgery.
On October 5, 2017, the trial court sustained exceptions of no right of action and no cause of action filed by Shelia and denied Sharetta's petition to annul the 2013 Testament based on the invalid 2016 Testament.
On January 29, 2018, Sharetta filed a motion entitled "Ex parte Motion to Authorize *687 Inspection and Examination of Probated Testament," requesting that her expert be allowed to examine the 2013 Testament to ensure its validity. The trial court granted the motion, ordering that Shelia's counsel be present for the examination if he so wished. In response, Shelia filed exceptions of no right and no cause of action, as well as an exception of res judicata based on the denial of Sharetta's petition to annul the 2013 Testament.
On February 6, 2018, Sharetta's expert, Robert Foley, examined the 2013 Testament and opined that the signatures on the first two, of three, pages of the testament were color copies.
Based on Foley's opinion, on February 22, 2018, Sharetta, on behalf of her minor child, Frankayla; Robin Nicole Ambercrombie Gordon, the tutrix for the decedent's second minor child, Francheska A. Anderson; and Decedent's adult child, Cortez Frank Anderson; filed a petition entitled "Petition to Annul Probated Testament and Judgment of Possession; Dismissing Independent Executrix, and Appointing Independent Administrator." In response, Shelia filed another exception of res judicata based on the trial court's denial of Sharetta's first petition to annul.
Also on February 22, 2018, Shelia filed a notice of intent notifying the trial court of her desire to seek supervisory review of the January 30, 2018 order allowing Sharetta to have an expert examine the 2013 Testament. The trial court set a return date of March 19, 2018, and the writ application was filed with this court on March 19, 2018, under Docket No. 52,222-CW. Shelia did not request a stay (either with the trial court or this court) pending resolution of her writ application and did not seek expedited consideration at that time.
A hearing was held on the merits of the case on March 28, 2018. Prior to the close of testimony at the proceeding on the annulment, Shelia's attorney raised the issue that some of his exceptions and motions had not been heard, including the exception of res judicata. In response to this issue being raised, the trial court stated:
Right. Let's do this. I'll get my opinion out on those. Depending on what happens with this, we need a hearing obviously, or at least a petition to reopen the succession, as well as a petition to remove the executrix.
On April 17, 2018, the trial court rendered a judgment granting Sharetta's second petition to annul, denying Shelia's exception of res judicata, annulling the 2013 Testament and the July 21, 2017 Judgment of Possession and declaring Decedent's succession to be an intestate succession.[1] In its reasons for judgment, the trial court found that the 2013 Testament, presented by Shelia, was invalid since pages one and two were not actually signed by the testator, as required by law, but were photocopied signatures of the testator. The trial court found that the signatures substantially deviated from the form requirements of La. C.C. art. 1577. It discussed the purpose behind the legislature's requirements of testamentary form, which was to avoid fraud, and the fact that these signatures were not original ink signatures. For those reasons, it granted Sharetta's petition to annul the 2013 Testament and the judgment of possession of July 21, 2017.
The trial court's reasons for judgment also addressed Shelia's exception of res judicata and pointed out that the mere order of the judge for the probate of a will does not have the effect of a binding judgment *688 on the parties so as to preclude them from subsequently contesting the validity of the will unless the question of its validity was expressly put at issue at the time the will was probated. It found that the doctrine of res judicata does not apply in this case since the two petitions to annul did not involve the same parties in the same capacities. Sharetta's first petition to annul was filed by her in her capacity as surviving spouse. The second petition was filed by her in her capacity as the court-appointed tutrix of one of the forced heirs, by the tutrix of another forced heir and by an adult heir. Therefore, the petition involved different parties in different capacities than those involved in the first petition.
The trial court also noted that the second petition to annul was based on an entirely different ground for annulment. The first was based on a purported second testament; the second petition was based on the failure of the earlier testament to comply with the form required by law since the signatures were copies instead of originals. For these reasons, res judicata did not apply.
On April 18, 2018, Shelia filed a devolutive appeal from the April 17, 2018 judgment. The motion for appeal was granted on April 18, 2018.
On April 27, 2018, the trial court appointed Chad M. Garland, CPA, as independent administrator of the succession.
On April 30, 2018, Shelia filed an ex parte pre-lodging motion to dismiss her appeal (Docket No. 52,294-CM) based on the fact that she had filed a motion for new trial on April 26, 2018, at which time the trial court had not yet ruled. As such, she noted, her appeal was premature.
On May 7, 2018, Shelia filed a supplement to her writ application, seeking expedited review and asking for a stay of the trial court proceedings. Included in her supplement was the trial court's April 17, 2018 final judgment and its May 2, 2018 denial of her motion for new trial. In her supplement she specifically sought review of the trial court's April 17, 2018 judgment.
On May 16, 2018, this court denied the application for writs because the April 17, 2018 judgment was a final judgment subject to appeal; and, in fact, a devolutive appeal had already been granted. The writ denial also stated that although the January 30, 2018 ruling granting Sharetta's ex parte motion to authorize inspection and examination of probated testament was an interlocutory judgment, judicial efficiency and the interests of justice dictated that review of that judgment would be more appropriately completed during review of Shelia's appeal. Therefore, both the writ application and motion to stay trial court proceedings were denied by this court. The matter is now before this court on appeal.
DISCUSSION
No right of action
Shelia argues that the trial court erred in granting an ex parte order to Decedent's former spouse who had no real or actual interest in the estate and who was not an heir, legatee or creditor of the estate, and where the court had previously refused to annul the same testament that she sought to have examined. This argument appears to be an assertion by Shelia that Sharetta lacked procedural capacity and, thus, had no right to challenge the testament that Shelia had filed and under which she received benefit to the exclusion of Sharetta's child, a forced heir of Decedent.
Shelia also argues that Sharetta had no right of action because she did not belong to the class of persons to whom the law grants the cause of action asserted in the *689 suit. She points out that Sharetta originally filed a petition to annul the probated testament, claiming it was null, void and possibly fraudulent. Sharetta also presented a purported later testament dated February 6, 2016, which was eventually determined by a handwriting expert to be a forgery. Shelia claims that at the time Sharetta filed her first petition to annul the probated testament, the trial court sustained her exceptions of no right and no cause of action and found Sharetta had no standing as the surviving spouse to advance any claims on behalf of the estate. She continues to argue that Sharetta still has no standing to sue to annul the probated testament since she is not an heir, legatee or creditor of the estate.
Sharetta responds and argues that her second petition was filed because she is the natural tutrix of her and Decedent's minor child, who is a forced heir of her father's succession. Further, she is joined in her petition with the tutrix of another of Decedent's minor children, and Decedent's adult son. The trial court has determined that the testament presented by Shelia is null as a result of the failure of the signatures on pages one and two and has now determined that the succession is intestate. She contends that forced heirs have every right to attack the testaments and judgments of possession when their rights have been violated. For these reasons, she argues that her capacity in the first petition is irrelevant to her capacity and right to sue on behalf of her child in the second petition.
In Estate of Bradford v. Thomas , 29,807 (La. App. 2 Cir. 9/24/97), 700 So.2d 1030, this court stated that an absolutely null judgment may be attacked collaterally, in any court, and at any time. La. C.C.P. art. 2002. In that case, the sisters of a decedent, whose succession had been declared an intestate one after the previously filed testament was declared a nullity, were found to be intestate heirs and parties needed for just adjudication. Their rights were being affected by the litigation; therefore, it was necessary to join them in the litigation.
In the case at bar, Shelia filed a testament which was acted upon by the trial court and, later, was collaterally attacked by Decedent's heirs. Because the rights of inheritance of their minor children were being violated, the tutrices, and the adult son of Decedent, had the right to challenge the validity of the testament Shelia filed and which appointed her as independent executrix of the estate.
This assignment of error is without merit.
Failure to hold hearings on motions and exceptions
Shelia also argues that the trial court erred by refusing to hear the independent testamentary executrix's motions for over 180 days by placing an indefinite stay on the contradictory motions and never allowing them to be heard. She also claims that the trial court further erred by refusing to turn over Decedent's estate to her once she was appointed the independent testamentary executrix and the judgment of possession was rendered.
Shelia states that she filed numerous motions and exceptions requesting the court to set a hearing date as provided by law. In particular, she complains about the trial court's issuance of a stay on the proceedings as it related to her attempts to obtain possession of the succession assets and to evict the occupants staying in Decedent's home, which was based on the previously issued judgment of possession that had survived Sharetta's first attempt to attack the succession. She argues that the trial court dismissed her as the independent testamentary executrix on April 27, 2018, without cause or a hearing. She *690 points to various parts of the record to show that the contradictory hearings were not held on issues she raised even though she filed the appropriate motions and exceptions. She claims the failure to hold these hearings was improper and deprived her of a right to her day in court. She asks that this court vacate every judgment rendered in these proceedings where the motions and exceptions were not heard as required by law.
Sharetta argues that the trial court recognized problematic issues with the succession and because of a reasonable and prudent delay, prevented even greater harm. If the eviction of a minor forced heir from her home and an order for possession of the home by Shelia had been allowed, along with the liquidation and distribution of funds, a recovery of those funds and assets would be practically impossible. She claims that the delay imposed by the trial court was discretionary and certainly was within its reasonable judicial discretion in view of the suspicious facts surrounding the pro se filing of the succession by the person named as the independent testamentary executrix who was placed in possession of the estate and who immediately sought to liquidate her brother's property. For these reasons, Sharetta claims that the trial court's actions in staying and delaying hearings was purely discretionary and reasonable.
The trial court's decision to exercise discretion and judicial efficiency by limiting court appearances and interlocutory rulings while the testament itself was being challenged as a nullity was within its power. Certainly, while the testament was being challenged, Shelia should not have been given access to the assets of the estate to do with as she pleased. We also see the wisdom of delaying acting on these filings since, as the trial court noted, some of the issues would be mooted by the resolution of the issue concerning nullity of the testament.
For these reasons, this assignment of error is without merit.
Res Judicata
Shelia argues that the trial court erred in ruling on the peremptory exception of res judicata in the April 17, 2018 judgment when there was no hearing, no witnesses called and no evidence presented. As mentioned above, she contends that the trial court erred in not holding a hearing on the exception and, instead, indicated at the trial on the annulment that many of her exceptions would be rendered moot by its eventual ruling on the annulment. She argues that the trial court could not have considered the record in the first suit if it was not in evidence in the second suit, since there is no provision in the law for the court to take judicial notice of a suit record from another court. The failure to introduce the entire record of the first suit into the record can prohibit the party pleading the exception of res judicata from meeting its burden of proof. Shelia argues that a full evidentiary hearing on the issue of res judicata is necessary for the trial court to have determined that it does not apply in this case.
Sharetta claims Shelia applied the wrong standard for res judicata when she argued that Sharetta's capacity as surviving spouse in the first suit caused res judicata to apply to the second in which Sharetta appeared as the natural tutrix of her minor child, the forced heir of Decedent. Further, she also brought the second suit with another person who had been appointed the tutrix of a different forced heir and with an adult heir. She argues there is a difference in parties, capacity and cause. Also, the second petition was based on faults in the testament presented by Shelia and not based on a purported testament which was written revoking the *691 one Shelia had presented. Therefore, the cause of action was not the same and was yet another reason for the exception of res judicata to be denied.
Relitigation of a matter is precluded when the second action has the same parties, same cause and same thing demanded as in the first. La. R.S. 13:4231. Chevron U.S.A., Inc. v. State , 993 So.2d 187, 07-2469 (La. 9/8/08). A judgment in favor of either party is conclusive in any subsequent action between them with respect to any issue actually litigated and determined. Fox v. Reynolds Indus. Contractors , 44,938, 44,939 (La. App. 2 Cir. 1/27/10), 33 So.3d 895, writ denied , 10-0676 (La. 5/28/10), 36 So.3d 250.
Res judicata is clearly inapplicable in this case. Sharetta and the other tutrix, as well as the adult son of Decedent, filed their petition seeking a judgment of nullity of the testament presented by Shelia on grounds other than Sharetta's first attempt to attack the testament. The parties are not the same, the cause is not the same and the same thing was not demanded as in the first attempt to attack the testament. Further the issue presented was not actually litigated and determined.
Therefore, this assignment of error is without merit.
Removal as Testamentary Executrix
Shelia argues that the trial court erred in failing to hold a contradictory hearing before removing her as independent testamentary executrix in the judgment signed on April 27, 2018. She argues that the procedure for removal of a succession representative is governed by La. C.C.P. arts. 3182 and 3396.20. In a contested proceeding, these articles require a rule to show cause and a contradictory hearing to remove a succession representative. Shelia claims Sharetta's attorney did not file a rule to show cause requesting the relief that she be removed as the independent testamentary executrix, and no hearing was held to determine whether any grounds for removal were present. She argues that a full evidentiary hearing must be held in such a situation, and the order removing her as executrix should be reversed and set aside.
Sharetta argues that her pleading was entitled, "Petition to Annul Probated Testament and Judgment of Possession; Dismissing Independent Executrix, and appointing Independent Administrator." She also argues that the hearing held on March 28, 2018, dealt with those issues in conjunction with determining the nullity of the testament. She contends that based on the trial court's finding that the annulled testament is truly worthless in every respect, the hearing on the nullity of the testament more than sufficed as a contradictory hearing for the purpose of removing the independent testamentary executrix appointed as a result of the annulled testament.
The judgment from which this appeal was taken was filed on April 18, 2018, and did not address the issue of Shelia's removal as independent testamentary executrix since the motion to remove her from that office was not filed until April 18, 2018, and was not rendered until April 27, 2018. Because she never sought an appeal from that decision, it is pretermitted.
Merits of the annulment of the testament and judgment of possession
Shelia argues that the trial court committed legal error when it concluded that the testator did not sign the probated 2013 Testament, when the evidence showed, and the expert witness testified at trial, that the signatures on all three pages of the testament were signed by the same person. Shelia further argues that the trial court erred in concluding that the signatures on pages one and two of the testament, *692 which was annulled, were not "signed by the same person" as on page three. She contends that Sharetta bore the burden of proof in this matter and that the one witness who offered a qualified opinion failed to meet the more probable-than-not burden. She states that the witness did not testify as to whether the signatures were "affixed," nor did he testify that the signatures were not that of the testator, but simply stated that the signatures examined were color copies and did not contain original ink signatures. Shelia claims the evidence presented at the hearing was not sufficient for the trial court to conclude that the testament should be annulled.
Sharetta argues that the trial court's decision to annul the testament was correct since the formalities required by La. C.C. arts. 1573 and 1577 were not observed. Sharetta contends that the evidence of the forensic document examiner showed that the signatures on the first two pages of the testament were not the ink signatures of the testator, but simply copies, and copies of a signature do not meet the requirements of form found in the law.
La. C.C. art. 1573 states that the formalities prescribed for the execution of a testament must be observed or the testament is absolutely null. La. C.C. art. 1577 concerns the requirements of form for a notarial testament and states that if the testator knows how to sign his name and to read and is physically able to do both, then, in the presence of a notary and two competent witnesses, the testator shall declare that the instrument is his testament and shall sign his name at the end of the testament and on each other separate page.
In Succession of Watson , 52,199 (La. App. 2 Cir. 8/15/18), 253 So.3d 867, this court cited La. C.C. art. 1573, stating that without formalities in the execution of the testament, the testament was absolutely null. The purpose of prescribing formalities for the execution of wills is to guard against mistake, imposition, undue influence, fraud or deception, to afford a means of determining the will's authenticity and to prevent substitution of some other writing in its place. See Succession of Roussel , 373 So.2d 155 (La. 1979).
In Successions of Toney , 16-1534 (La. 5/3/17), 226 So.3d 397, a case which tested the limits of what constitutes compliance with the formal requirements of La. C.C. art. 1577 for the purpose of confecting a valid notarial testament under Louisiana law, the court was presented with a testament which had simply been initialed by the testator on the first two pages of the testament, and the initials were printed rather than in cursive writing. The court stated that there is a presumption in favor of the validity of testaments in general, and proof of the nonobservance of formalities must be exceptionally compelling to rebut that presumption. The court noted that La. C.C. art. 1577 required that the testator "shall sign his name at the end of the testament and on each other separate page," and that such a requirement was unambiguous. Therefore, the testator's initialing of each page did not substantially comply with the formal requirements of the code article and was not merely a minor or a technical deviation. The court also stated that although fraud was not alleged at the trial court level, signing one's name on each page of the will undoubtedly offers more heightened protection from surreptitious replacement of pages than mere initialing.
In the case at bar, the trial court found that color copies of the testator's signature somehow appeared on the first two pages of the testament presented by Shelia and that such copies did not comply with the formalities required by La. C.C. arts. 1573 or 1577, which require the signature by the *693 testator, not copies. To allow otherwise would defeat the purpose of the requirement that the testator sign each page.
This assignment of error is without merit.
CONCLUSION
For the foregoing reasons, the judgment of the trial court nullifying the January 11, 2013 testament of Decedent and the judgment of possession, denying the exception of res judicata, and delaying action on various motions filed by Shelia Marie Anderson Miller, is affirmed. Costs of this appeal are assessed to Shelia Marie Anderson Miller.
AFFIRMED.

The notice of appeal indicates it is taken from the judgment of April 18, 2018. The judgment was rendered on April 17, 2018, and filed on April 18, 2018.